Stanard, J.
The title to this action, as for a debt due by judgment, is founded on those provisions of the charter of the company, which prescribe the manner of assessing damages to the proprietors of lands through which the railroad might run; providing, in effect, that the affirmance of a report assessing the damages, and entering it of record, shall be a judgment in favou^ of the proprietor against the.company for the amount of the damages: and it is contended that the order record *77 ing the report is in effect an affirmance thereof, and a judgment for the damages. Supposing this to be so, the next question presented (and which may justly be regarded as preliminary to many others arising on the record in this case, and ably discussed at the bar,) is, What are the damages for which such judgment is or can be rendered ? Do the provisions of the charter warrant a contingent assessment .of damages by the commissioners, and authorize the court to render a contingent or conditional judgment therefor, so that the title thereto may depend on some future act in pais ? If so, the anomaly might be presented of a judgment without certainty as to the time in which, or the amount for which, it could be enforced, and not capable of being enforced without a new action, the recovery in which would also be uncertain, as the performance of the act in pais on which it was made to depend might be more or less perfect. The terms of the statute must be very distinct and imperative, to justify the court to introduce, by its construction thereof, such an anomaly. The statute in this case, so far from requiring such construction, seems to me by inevitable implication to forbid it. The latter part of the 12th section provides, that for the damages when ascertained by a confirmation of the report, the party may have execution as on a judgment; and the necessary implication is, that the court is authorized to render such judgment only as would justify the emanation of an execution thereon. Now, for contingent damages such execution certainly could not issue, since by the very terms of such judgment, if full expression be given to it, the party is not entitled to damages but in a future and contingent event; and as such future event may more or less imperfectly occur, the damages may in whole, or in part only, be justly demandable. These considerations present an insuperable difficulty to the recovery in this action, and shew, in my opinion, thal the court below ought to have sus *78 tained the demurrer to the first and second counts of the declaration.
I deem it proper to add, that according to the legal effect of the report in this case, especially when coupje¿ wjth subsequent action of the company, the damages that were effectively assessed, to wit, the 972 dollars, are to be regarded as the damages for a road constructed with proper culverts to pass the water in the manner specified in that part of the report assessing the contingent damages; that the company had no right to construct the road in any other manner, and is liable to the actions of the parties injured by a deviation from that mode of construction which has governed the amount of the unconditional assessment of damages, for the injury resulting from such deviation; and that such actions may be repeated toties quoties, as long as such injury is continued by such deviation.
The other judges concurring, the judgment of the court of appeals was entered as follows:
The court is of opinion that the said circuit superior court erred in overruling the demurrers of the plaintiffs here to the first and second counts in the defendant’s declaration: therefore judgment reversed with costs, and judgment entered for the said plaintiffs upon said demurrers.