By the Court.
The Court is of opinion, that the matters of law arising- upon the facts found in the special verdict, and the facts agreed by the parties, is for the plaintiff; therefore that the said judgment is erroneous; that the said judgment be reversed and annulled; and that the plaintiff recover against the defendants his costs here expended. And this Court proceeding to give such judgment as the said Circuit Court ought to have given, it is considered that the plaintiff recover *against the defendants the land in the declaration mentioned, located by the engineer for the use of the Kanawha turnpike road, and in the occupancy of the defendants, and one cent damages found by the jury, and his costs. Whereupon the plaintiff prays a writ, &c. and to him it is granted, &c.
EHINENT DOMAIN.
I. Nature of Power.
II. Who May Exercise Power.
1. The United States.
2. The States.
3. Authorized Agents.
III. Manner of Exercising Power.
IV. The Public Use.
1. Necessity for Public Character of Use.
2. Determination of Character of Use.
3. What Uses Are Deemed Public.
a. General Rule..'
b. Highways.
c. Public Landings.
d. Railways.
e. Mills.
f. Cemeteries.
V. Property That May Be Taken.
1. Private Property.
2. Property Already Devoted to a Public Use.
3. Statutory Exemptions of Property.
VI. The Appropriation of Property.
1. Distinction between Taking and Damaging.
2. What Amounts to a Taking or Damaging.
a. Injuries Arising from Grading Streets.
b. Imposition of Additional Servitudes.
c. Injury to Residue of Tract.
d. Granting Rival Franchises.
e. Extending City Limits.
VII. When Title to Property Taken Passes.
VIII. Compensation.
1. Necessity for Compensation.
3. Measure and Elements of Compensation.
a. In General.
b. Where Whole Tract Is Taken.
c. Where Part of Tract Is Taken
3. Benefits.
4. Allowance of Interest.
5. Time of Payment.
6. Effect of Payment.
7. Conflicting Claims to Damages Assessed.
IX. Proceedings to Take Property and Assess Damages.
1. General Nature of Proceedings.
2. Jurisdiction.
3. The Application.
4. Notice. •
5. Tribunal to Assess Damages.
6. Conduct of Trial.
7. View.
8. Finding of Jury.
9. Report of Commissioners.
10. Judgment.
11. Appeals.
X.Remedies of Landowner.
1. Action at Law.
2. Injunction.
Cross References to Honographic Notes.
Constitutional Law, appended to Com. v. Adcock, 8 Gratt. 661.
Corporations (Private), appended to Slaughter v. Com., 13 Gratt. 767.
Damages, appended to Norfolk, etc., R. Co. v. Ormsby, 27 Gratt. 465.
Easements, appended to Hardy v. McCullough, 23 Gratt. 251.
Ejectment, appended to Tapscott v. Cobbs, 11 Gratt. 172.
Injunctions, appended to Claytor v. Anthony, 15 Gratt. 518.
Judgments, appended to Smith v. Charlton, 7 Gratt. 425.
Juries, appended to Chahoon v. Com., 20 Gratt. 733.
Mills and Milldams, appended to Calhoun v. Palmer, 8 Gratt. 88.
Municipal Corporations, appended to Danville v. Pace, 25 Gratt. 1.
I. NATURE OP POWER.
Eminent domain is the power inhering in every sovereignty to take the property of its citizens or subjects for the public use when the public necessity may require it. This power is vested in the legislature, and can be set in motion only by virtue of legislative enactment, by which the time, manner, and occasion of its exercise are directed and controlled, except as restrained by the constitution. The legislature is also clothed with exclusive authority to determine when the necessity exists for exercising the power. It may exercise it directly, or it may select such agencies as it pleases, and confer the right upon them, subject only to the limitations contained in the constitution ; and with respect to it “ due process of law ” only requires that it shall be exercised in subordination to the established principle that private property cannot be taken for public use without the consent of the owner, save upon payment to him of just compensation. Painter v. St. Clair, 98 Va. 85, 34S. E. Rep. 989 ; Alexandria", etc., R. Co. v. Alexandria, etc., R. Co., 75 Va. 780.
II. WHO MAY EXERCISE POWER.
1. THE UNITED STATES. — The right of eminent domain is one of the powers of the federal government essential to its independent existence and perpetuity. Among the purposes for which it is exercised are the acquisition of land for forts, armo - ries, arsenals, navy yards, lighthouses, custom houses, postofflces, courthouses, and other public uses. The right may be exercised within the states without application to them for permission to exercise it. Kohl v. United States. 91 U. S. 449 ; Cherokee Nation v. Southern Kan. Ry. Co., 135 U. S. 641, 10 Sup. Ct. Rep. 969.
2. THE STATES. — The right of eminent domain is also an attribute or part of the sovereignty of the states, and is by them exercised for a great and constantly increasing variety of purposes, some of *669 ■which are for governmental uses either of the state at large or of local municipal "bodies, or hy private persons or corporations authorized to exercise some function of such public character, technically known as a public use. The legislature has by statute prescribed the manner in which the right may be exercised when landis wanted forworks of internal improvement and other public purposes. The statute is in harmony with the constitutional mandate, and requires that full compensation shall be made to those whose land is taken for public uses. It does not contemplate that proceedings under it will be instituted except in those cases in which the land wanted cannot be acquired by private treaty with those, and with all of those, who have an interest in it. Hope v. Norfolk, etc., R. Co., 79 Va. 283.
3. AUTHORIZED AGENTS.
Delegation of Power. — "While, as seen above, the power of eminent domain may be exercised directly by all sovereignties, yet the most usual manner of exercising the power is by the delegation of it to agents, who are thus authorized, under certain restrictions, to take private property for their own uses. The exercise of the power by such agencies is governed in the main by the same principles and limitations as when it is directly exerted by the federal or state governments. Pork Ridge Baptist Cemetery Ass’n v. Redd, 33 W. Va. 262, 10 S. E. Rep. 405; Painter v. St. Clair, 98 Va. 85, 34 S. E. Rep. 989; City of Charlottesville v. Maury, 96 Va. 383, 31 S. E. Rep. 520; Alexandria, etc., R. Co. v. Alex., etc., R. Co., 75 Va. 780; Adams v. Clarksburg, 23 W. Va. 203; Mairs v. Gallahue, 9 Gratt. 94; Railroad Co. v. Foreman, 24 W. Va. 662; Charleston, etc., Bridge Co. v. Comstock, 36 W. Va. 263, 15 S. E. Rep. 69.
To Whom Power May Be Delegated. — The question as to whom the power may be delegated must be determined with reference to the use to which the property intended to be taken is to be applied. The property must be intended to be taken for a public use. or else the state cannot delegate the power, as the power only exists to take property for uses which are in their nature public. Applying this rule, it will be seen that the legislature may confer the power upon corporations or individuals for the purpose, among others, of constructing works of internal improvement, such as railroads, bridges, mills,, ferries, etc. Crenshaw v. Slate River Co., 6 Rand. 245; Flecker v. Rhodes, 30 Gratt. 795; West Virginia Transp. Co. v. Volcanic Oil, etc., Co., 5 W. Va. 382. See post, “The Public Use — What Uses Are Deemed Public.”
County Court Has No Authority — in Virginia the general statute relating to corporations (Code 1873, ch. 56) confers no jurisdiction on a county court to take or appropriate land or other property of individuals or corporations for a railroad company. Its only jurisdiction in such a case is to appoint commissioners to ascertain and report what compensation and damages the owner of the property is entitled to receive, where he and the company cannot agree upon the question, and to determine what shall be a just compensation, upon the payment of which the fee-simple title of the property is vested in the company by the statute. Alexandria, etc., R. Co. v. Alexandria, etc., R. Co., 75 Va. 780, 10 Am. & Eng. R. Cas. 23.
Board of Supervisors of County. — The board of supervisors may, on application to the proper tribunal, have land condemned which has been selected by them for the location of the courthouse, clerk’s office and jail of the county. Bd. of Supervisors of Norfolk Co. v. Cox, 98 Va. 279, 36 S. E. Rep. 380: Bd. of Supervisors o f Culpeper v. Gorrell, 20 Gratt. 484. See “III. Manner of Exercising Power.”
HI. MANNER OF EXERCISING POWER.
Must Be Exercised Strictly in Accordance with Stat= ute. — All of the authorities concur in holding, that as private property can be taken for public uses, against the consent of the owner, only in such cases and by such proceedings as may be specially prescribed by law, and as these proceedings are contrary to the course of the common law, and are in derogation of common right, they are to be strictly construed, and that the party who would avail himself of this extraordinary power, must fully comply with all the provisions of the law entitling him to exercise it. Adams v. Clarksburg, 23 W. Va. 203; Mairs v. Gallahue, 9 Gratt. 94; Railroad Co. v. Foreman, 24 W. Va. 662; Charleston, etc., Bridge Co. v. Comstock, 36 W. Va. 268, 15 S. E. Rep. 69; Fork Ridge Baptist Cemetery Ass’n v. Redd, 33 W. Va. 262, 10 S. E. Rep. 405; City of Charlottesville v. Maury, 96 Va. 383, 31 S. E. Rep. 520; Supervisors v. Stout, 9 W. Va.703; Alexandria, etc., R. Co. v. Alexandria, etc., R. Co., 75 Va. 780; Painter v. St. Clair, 98 Va. 85, 34 S. E. Rep. 989. Thus, where the charter of a corporation provides only for the cutting, taking and carrying away of any wood, stone, gravel or earth which may be deemed necessary to carry out its purposes of incorporation, proceedings to condemn the land out and out are unauthorized and illegal. Richmond, etc., R. Co. v. Knopffs, 86 Va. 981, 11 S. E. Rep. 881.
Manner of Exercising Delegated Power. — The delegated power of eminent domain must be exercised in the manner, and upon the conditions and terms prescribed by the legislature. If the right to exercise that power is conferred upon the corporation by its charter or a special statute, it must still be exercised in accordance with the general law upon the subject, unless a contrary intention clearly appears, for it will not be presumed that the legislature intended to change the policy as expressed in the general law, further than is expressly provided, or necessarily implied in the special legislation. City of Charlottesville v. Maury, 96 Va. 383, 31 S. E. Rep. 520.
Condition Precedent to Exercise — Attempt to Agree. —In Virginia a city council has no power to institute, and the courts no jurisdiction to entertain, proceedings to condemn lands wanted for the purposes of the city, until after the council has made an unsuccessful attempt to purchase them from the owner. This is in the nature of a condition precedent and compliance therewith must affirmatively appear in the proceedings. And an actual bona Jide effort must be made to agree upon the compensation. A mere preliminary correspondence to ascertain the price of the land, before the city has. determined to condemn the land, is not a sufficient compliance with the statute. Code, sec. 1074; Core v. City of Norfolk, 99 Va. 190, 37 S. E. Rep. 845.
What Is Sufficient Attempt to Agree in West Virginia. — It is a sufficient attempt to agree as to the price, within the meaning of the West Virginia statute, where the party exercising the right attempts to agree by his agents with the agents of the landowner, rt is not necessary to go out of the state and find the landowner and try to make terms with him. West Va. Transp. Co. v. Volcanic Oil, etc., Co., 5 W. Va. 382.
Attempt to Agree Need Not Appear from Proceedings. —In condemnation proceedings it is not necessary *670 that it should appear on the face of the proceeding's that any attempt was made "by the plaintiff to purchase the land sought to he condemned. The proceeding is by motion upon notice, and the notice is viewed with great indulgence by the courts, as it is presumed to he the act of the parties, and not of lawyers. Chesapeake, etc., R. Co. v. Washington, etc., R. Co., 99 Va. 715; Charleston, etc., Bridge Co. v. Comstock, 36 W. Va. 263, 15 S. E. Rep. 69.
Discretionary Matters Not Conditions Precedent.— But the delivery of the certificate of incorporation of a railroad company, or of a copy thereof properly certified, to the clerk of the county court for record in the county in which the principal office or place of business of the company is located, is not a condition precedent to the proper and lawful exercise of the right of eminent domain. Nor is the filing of the map and profile of the location of the road in the office of the secretary of the state, and in the office of the clerk of the county court of each county in which any part of the road is located, a condition precedent to the appointment of commissioners to ascertain a just compensation to the owners of the real estate proposed to be lawfully taken for the purposes of such road; but the circuit court may in its discretion require such map, or such part as may be needed, to be filed or produced before appointing commissioners. Wheeling Bridge, etc., Co. v. Camden, etc., Oil Co., 35 W. Va. 205, 13 S. E. Rep. 369.
IV. THE PUBLIC USE.
1. NECESSITY FOR PUBLIC CHARACTER OP USE. — While the constitutional provision, in regard to the power of eminent domain, that private property shall not be taken for a public use without just compensation, does not expressly forbid the taking of private property for a private use, yet it is well settled that private property cannot be taken for a private use whether just compensation be made or not. Varner v. Martin, 21 W. Va. 534; Pork Ridge Baptist Cemetery Ass’n v. Redd, 33 W. Va. 262, 10 S. E. Rep. 405; Salt Co. v. Brown, 7 W. Va. 191; B. & O. R. Co. v. Pittsburg, etc., R. Co., 17 W. Va. 812.
2. DETERMINATION OP CHARACTER OP USE.
Primarily a Legislative Question. — Whether private property shall be taken for the direct and immediate use of the public, is a question for the legislature to determine, and when so taken and used the title of the property condemned is not transferred to a private individual or corporation, but remains in the public. The courts cannot sit in judgment upon the public exigencies, which demand the exercise of this right of eminent domain, this being in such case solely a question for the. legislature. A legislative act declaring the necessity for such appropriation being the customary mode of determining that fact, must be held, for this purpose, the law of the land, and no further finding or adjudication is essential unless it be required expressly by the constitution of the state. A. & P. R. R. Co. v. A. & W. R. R. Co., 75 Va. 780; Varner v. Martin, 21 W. Va. 534; Tait v. Cent. Lunatic Asylum, 84 Va. 271, 4 S. E. Rep. 697. The presumption is always in favor of the public character of a use declared so by legislature. Varner v. Martin, 21 W. Va. 534.
' But the West Virginia court has said in one case, that whether the use to which the property sought to be taken under the exercise of the power of eminent domain is public or private, is a judicial question, subject to review by the appellate court. Pittsburg, etc., R. Co. v. Benwood Ironworks, 31 W. Va. 710, 8 S. E. Rep. 453.
Same — Conditions Attached to Exercise of Power Render the Question Partially a Judicial One. — When the use for which private property is appropriated is public, and the legislature has acted upon the question, the expediency or necessity of appropriating any particular property is nota subject of judicial cognizance. The property may be appropriated by an act of legislature, or the power of appropriating it may be delegated to private corporations, to be exercised by them in the execution of work in which the publicis interested. But when the sovereign power attaches conditions to the exercise of the right of eminent domain the enquiry whether the condition has been observed is a matter for judicial cognizance. B. & O. R. Co. v. Pittsburg, etc., R. Co., 17 W. Va. 812.
Statute Conferring Privilege Determines Character of Use. — When a statute confers the privilege of making public improvements that determines that the use is necessary for the public convenience, and the only question to be ascertained by the proceedings in the court is the damages to the owners of the land condemned. Flecker v. Rhodes, 30 Gratt. 795; Tait v. Central Lunatic Asylum, 84 Va. 271, 4 S. E. Rep. 697. See also, Pittsburg, etc., R. Co. v. Benwood Ironworks, 31 W. Va. 710, 8 S. E. Rep. 453.
3.WHAT tTSES ARE DEEMED PUBLIC.
a. Genebal Rule. — When private property is sought to be taken for public use three qualifications are necessary to impose upon it such a public use as will justify the taking of the property without the owner’s consent: (1) The general public must have a right to a certain definite use of the private property on terms and for charges fixed by law ; and the owner of the property must be compelled by law to permit the general public to enjoy it. It will not suffice that the general prosperity of the community is promoted by the taking of private property from the owner and transferring its title and control to another. Such supposed indirect advantage of the community is not a public use in contemplation of law. (2) The use of the property which the public must have, must be a substantial beneficial use, which is obviously needful for the public to have, and which it could not do without, except by suffering great loss or inconvenience. (3) And the necessity for such condemnation must be obvious. It must appear from the location of the property proposed to be condemned, or from the character of the use, to which it is to be put, that the public could not without great difficulty obtain the use, of this or other land, which would answer the same general purpose, unless it was condemned. Varner v. Martin, 21 W. Va. 534.
b. Highways.
Terminus of Road Must Be a Public Place. — No limitation to the power of the county court to establish aroadistobe found in the degree of accommodation which it may afford to the public at large. This is a matter which addresses itself not to the authority, but the discretion of the court. The true limit to the authority of the court to establish a road, is in the purposes for which the road is to be employed. A terminus of the proposed road must be at the courthouse, or a public warehouse, landing, ferry, mill, coal mine, lead or iron works, or the seat of government, or in an already established road leading to one or more of these places ; but the other terminus may be at any place, whether public or private, of any description, and the road may accommodate many or one. Lewis v. Washington, 5 Gratt. 265; Varner v. Martin, 21 W. Va. 534.
*671 Branch Road Leading to Public Road. — But a public highway under the direct control of the public, and kept in repair by it, and ■which no individual can obstruct without being liable to punishment, may, if the legislature by law so authorize, be established, though it leads only from a public road to a dwelling or farm of a single person. If the power conferred on a county court to open such public highway be general, no limitation of this power will be placed by the courts because of the degree of accommodation, which such public road may afford to the public at large. Varner v. Martin, 21 W. Va. 581; Lewis v. Washington, 5 Gratt. 265.
The Fact That Compensation Is Partly Paid by Pri^ vate Persons Does Not Render the Road Private. — If all of the proceedings, before a county court, to ■establish a road are those required to establish a public as distinguished from a private one, and the order to establish the road is such an order as would be entered upon the establishment of a public road, except that it orders one-half of the land damages to be paid by the applicants and the other half by the county, instead of ordering the whole land damages to be paid by the county, this does not prevent the road established from being a public road or render it doubtful whether it be a private or public road; and it is not an error for which the landowner can complain in the appellate court. Coffman v. Griffin, 17 W. Va. 178.
Private Roads. — Power to establish private roads is not included in the right of eminent domain. A road must be deemed to be a private road, when its control is not under a public officer, and the public is not bound to work it or keep it in order, and where an individual may obstruct its use without being guilty of any public offence. Varner v. Martin, 21 W. Va. 534.
Where the public cannot use the way sought to be condemned, and the only object in condemning it would be to enable the party seeking to condemn to get to his coal mine, this is not such a public use ns will Justify the exercise of the right of eminent domain. Salt Co. v. Brown, 7 W. Va. 195.
c. Public Landings.- The authority of the county courts to establish public landings is a branch of their police jurisdiction, conferred for the beneiit. and to be exercised at the common expense of all the citizens of the county. It is therefore necessary and proper that the court should look to the necessities of those applying for the landing, how far it may be productive of convenience or inconvenience to the public or individuals, and whether, in view •of all the circumstances, a proper case is made for the application of the county resources to the object. To aid in arriving at a proper conclusion, the viewers are required to report truly and impartially the •conveniences and inconveniences which will result-as well to individuals as the public, if such landing be established. Muire v. Falconer. 10 Gratt. 12; Lewis v. Washington, 5 Gratt. 2(55. This can be best done, it has been held, by ascertaining what number of individuals would be accommodated by it, rather than by relying on vague generalities as to its being a public beneiit. But the law does not require a return of the names of those benefited or accommodated, either where a list is made out by the viewers themselves, or where it is shown to them by others ; and it is not necessary to allude to it in their report. Nor is it any objection to the report, that it is not based upon the judgment and views of the viewers themselves. Muire v. Falconer, 10 Gratt. 12.
d. railways.
Power to Take Property for Railroads Depends on Use to Which It Is to Be Pul. — As far as the public is concerned. when the property needed by railroad, companies is for a public use, they have the right to invoke the right of the exercise of eminent domain; but when the property is wanted only for the private interest of the railroad corporations, they stand as individuals, or merely as private corporations, and in which the public has no interest, and for whose private purposes the power of eminent domain cannot be exercised. Pittsburg, etc., R. Co. v. Benwood Iron Works, 31 W. Va. 710, 8 S. E. Rep. 453.
Branch Roads. — Where by its charter, power is given a railroad comv'dny to condemn for branch or lateral roads, such power includes authority to construct a branch line running in the same general direction as the main line; and the fact that the new line will connect the main line with another railroad, makes it none the less a branch road. Blanton v. Richmond, etc., R. Co., 86 Va. 618, 10 S. E. Rep. 925.
But where a railroad corporation sought to condemn land, over which to build a switch, branch road, or lateral work, to reach a private manu-factory for the purpose of transporting freight from such manufactory, this was held to be merely a private use. Pittsburg, etc., R. Co. v. Benwood Iron Works, 31 W. Va. 710, 8 S. E. Rep. 453.
Street Railways. — Where a city confers franchises upon a street railway company it thereby becomes an agent of the public, and as such is entitled to take or damage private property; but this right is subject to the limitation that just compensation must be made therefor. Watson v. Fairmont, etc., R. Co. (W. Va.), 39 S. E. Rep. 193.
e. Mills. — The establishment of mills is generally deemed to be such a public use that the power of eminent domain maybe exercised in order to condemn land needed for their purposes. Crenshaw v. Slate River Co., 6 Rand. 245; Varner v. Martin, 21 W. Va. 534. This subject will be found fully discussed in monographic note on “Mills and Miildams” appended to Calhoun v. Palmer, 8 Gratt. 88.
f. Cemeteuies. — It cannot be said as a matter of law. however, that a cemetery is in all cases a public use sufficient to justify the exercise of the right of eminent domain. This will depend upon whether the cemetery is a private or public burying place. In order for it to justify the exercise of the power of eminent domain the cemetery must be a public one, and this should appear from the face of the application. Fork Ridge Baptist Cemetery Ass’n v. Redd, 33 W. Va. 262, 10 S. E. Rep. 405.
V. PROPERTY THAT MAY BE TAKEN.
1. PRIVATE PROPERTY.
Ferry Franchise. — A ferry franchise is private property within the meaning of the constitution of West Virginia which declares private property shall not be taken or damaged tor public use without just compensation. Mason v. Harper’s Perry Bridge Co., 17 W. Va. 396. But the Irauchise as well as the property of a citizen may be taken for public uses, upon making just compensation therefor. James River & Kanawha Co. v. Thompson, 3 Gratt. 270.
Stone, Gravel, etc. — Personal Property — The constitutional provision of West Virginia which is intended to protect private property from being taken for public use without compensation to the owner applies as well to the taking of material, such as stone, gravel, etc., for the purpose of *672 constructing a work oí internal improvement, as to tie taking of land itself upon which such material may he situated, and it applies to private personal property as well as real estate. Teter v. West Virginia, etc., R. Co., 35 W. Va. 433, 14 S. E. Rep. 146.
Private Property of an Internal improvement Company. — One internal improvement company may, in the exercise of the right of eminent domain, take the real estate of another in the same manner and generally under the same conditions that it may take the land owned by others, provided the lands proposed to be taken, are not necessary to the enjoyment of its franchises by the defendant company ; nor will any mere trivial or temporary use by the defendant company be sufficient to protect its land from such condemnation and appropriation. Wheeling Bridge Co. v. Wheeling, etc., Bridge Co., 34 W. Va. 155, 11 S. E. Rep. 1009; Tuckahoe Canal Co. v. Tuckahoe R. Co., 11 Leigh 42.
Property of Railroad Company Not in Actual Use.— Since the property of railroad corporations, so far as concerns the ownership thereof, and the profit or gain to be made from their use, is to all intents and purposes private property, although applied to a use in which the public have an interest, it follows that it may be taken for public use as well as the private property of an individual. Pittsburg, etc., R. Co. v. Benwood Iron Works, 31 W. Va. 710, 8 S. E. Rep. 453; B. & O. R. Co. v. Pittsburg, etc., R. Co., 17 W. Va. 812.
Contracts Made with State Are Subject to Power of Eminent Domain. — And contracts made with the state are in subordination to its right of eminent domain. Hence, where the state leased land for a term of years for an insane asylum, agreeing to surrender possession at the end of the term and during the term, in pursuance of an act of legislature, instituted proceedings to acquire title by condemnation, it was held that the act was not in violation of the constitution of the United States as impairing the obligation of contract. Tait v. Cent. Lunatic Asylum, 84 Va. 271, 4 S. E. Rep. 697.
Fee Simple Must Be Taken in Virginia, — Corporations condemning land under Virginia Code 1873, ch. 56, sec. 11, must take and pay for the fee simple, and not merely an easement, except it be a turnpike company. And this statute requiring the fee to be taken is not unconstitutional. Roanoke City v. Berkowitz, 80 Va. 616.
Where it is declared by statute that upon the exercise of the power of eminent domain, no less interest than the fee shall be taken in the land, the right to condemn the use of the water flowing over the land cannot be exercised. City of Charlottesville v. Maury, 96 Va. 383, 31 S. E. Rep. 520.
Reversion May Be Taken. — Where necessary for the purposes of the company, the reversion of land may be condemned, where the company owns the life estate. Karn v. Rorer Iron Co., 86 Va. 754, 11 S. E. Rep. 431.
2. PROPERTY ALREADY DEVOTED TO A PUBLIC USE.
Authority to Take Property Already Devoted to a Public Use Must Be Plain. — Land, or other property, which has, in conformity to the provisions of the constitution, been devoted to the public use, may afterwards, in like manner, be again taken and appropriated to the public service, under a subsequent statute, if such purpose is expressly or by unavoidable implication, authorized by its provisions. A. & F. R. R. Co. v. A. & W. R. R. Co., 75 Va. 780.
And though the power of eminent domain is delegated to a railroad company, such company has no. right, without ‘express statutory authority, to acquire for its own uses land already acquired by another railroad' company, as this would be an interference with the rights and franchises of such other company. Alexandria, etc., R. Co. v. Alexandria, etc., R. Co., 75 Va. 780, 40 Am. Rep. 743.
Judgment Allowing Condemnation Cannot Be Collaterally Attacked. — As one railroad company may under some circumstances condemn the land of another for its purpose, the right to so condemn is determined by the adjudication in the condemnation proceedings, and such determination cannot be collaterally attacked. The judgment in the condemnation proceedings concludes all questions that could have been raised or determined therein. Chesapeake, etc., R. Co. v. Washington, etc., R. Co., 99 Va. 715.
Where First Use Is Not Really a Public Use but ilerely Fictitious. — It is no obstacle in the way of the appropriation of the land owned by one railroad company, that merely to prevent its condemnation the former has put the land to a use not necessary for the proper exercise of its franchise. B. & O. R. Co. v. Pittsburg, etc., R. Co., 17 W. Va. 812; Wheeling Bridge Co. v. Wheeling, etc., Bridge Co., 34 W. Va. 155, 11 S. E. Rep. 1009. See ante, “Private Property.”
Under Va. Code Telegraph Company May Have Right of Way Along Railroad Track. — Under the provisions of the Va. Code (sec. 1287, 1288 and 1289) a telegraph company may have a right of way along the line of a railroad, condemned for. its use, but not so as to affect the railroad company in the enjoyment of its property. Postal Telegraph Cable Co. v. Farmville, etc., R. Co., 96 Va. 661, 32 S. E. Rep. 468, disapproving Postal Tel. Cable Co. v. Norfolk, etc., R. Co., 88 Va. 920, 14 S. E. Rep. 803.
Charter of Company Allowing Public Property to Be Taken. — Upon the construction of the charter of the James River and Kanawha Co. (Supp. to the Rev. Code, ch. 377, sec. 29, 34-35), the company has a right to enter upon and occupy'the public streets of a town, as well and in like manner as the lands of individuals, when it shall deem the same necessary for its canal or other works, but it must make compensation in- damages to any party injured. James River & K. Co. v. Anderson, 12 Leigh 278.
3. STATUTORY EXEMPTIONS OP PROPERTY.
West Virginia — Dwelling House and Land within Twenty Feet Thereof, — By statute (sec. 5, ch. 52, W. Va. Code; Va. Code 1849, ch. 56, sec. 4), dwelling houses, and land within twenty feet of them, belonging to the owner, are exempt from condemnation, and if condemned by an inferior court the appellate court will award a writ of prohibition to prevent effect from being given to the proceedings. McConiha v. Guthrie, 21 W. Va. 134; Chesapeake, etc., R. Co. v. Pack, 6 W. Va. 397. But this exemption does not apply where the land is in a city or incorporated town. Ches., etc., R. Co. v. Pack, 6 W. Va. 397.
Dwelling House, etc,, — Construction of Statute. — In Virginia a statute exempting a dwelling house and land within sixty feet thereof has been held to apply only to land belonging to the owner of the dwelling house, and in such case land of another within sixty feet of such dwelling is not exempt. Richmond, etc., R. Co. v. Wicker, 13 Gratt. 375.
Exemption from Condemnation for Cemetery Purposes. — An application to condemn land for cemetery purposes should show that the land to be taken *673 does not lie within 400 yards of a dwelling- house, unless to extend the limits of a cemetery already located, and then, that such limits will not be extended nearer to any dwelling house which is within 400 yards. Fork Ridge Baptist Cemetery Ass’n v. Redd, 33 W. Va. 262, 10 S. E. Rep. 406.
Rule as to Statutes Allowing Exemptions. — where a prior statute is general in its terms and prohibits the taking of a certain species of property in any case whateyer, and a subsequent statute is limited or special in its terms and authorizes the taking of such property in certain prescribed localities only, the latter will be held to be a limitation or qualification of the former, and the prohibition will apply to all cases except to the localities thus specified in the subsequent statute. McConiha v. Guthrie, 21 W. Va. 134.
VI. THE APPROPRIATION OF PROPERTY.
1. DISTINCTION BETWEEN TAKING AND DAMAGING. — The next point to be considered is what is such an appropriation of property as will render the party appropriating it liable for compensation to the owner. The purpose of this section is to call attention to the most important distinction to be observed in this connection; that is the distinction existing between the liability for injury in states where the constitutional provision is only against the “taking” of property without j ust compensation, and the liability in those states where the constitutions prohibit both the “taking and damaging" of private property without just compensation. This distinction must be borne in mind in the following discussion, as the provision of the constitution of Virginia is applicable only where the property is “taken" for the public uses, while the constitution of West Virginia protects against damaging as well as taking. Johnson v. City of Parkersburg. 16 W. Va. 402; Hutchinson v. City of Parkersburg, 25 W. Va. 226; Jordan v. Benwood, 42 W. Va. 312, 26 S. E. Rep. 266; Town of Harrisonburg v. Roller, 87 Va. 582. 34 S. E. Rep. 523; Smith v. Alexandria, 33 Gratt. 208; Kehrer v. City of Richmond, 81 Va. 745.
2. WHAT AMOUNTS TO A TAKING OR DAMAGING.
a. Injuries Arising prom Grading Streets.
Under the Virginia Constitution.- -Under the constitutional provision of Virginia, which only protects against taking property for public use, a municipal corporation, when authorized by its charter, may make, improve, open, and grade its streets and sidewalks, and if in so doing it exercises reasonable care and skill, it is not answerable to an owner of an adjacent lot, whose land is not actually taken, for consequential damages to his premises, unless such liability is expressly created by its charter, or by statute. Town of Harrisonburg v. Roller. 97 Va. 582, 34 S. E. Rep. 523; Smith v. Alexandria, 33 Gratt. 208; Kehrer v. City of Richmond, 81 Va. 745; Home Building, etc.. Co. v. Roanoke. 91 Va. 52, 20 S. E. Rep. 895; Powell v. Wytheville, 95 Va. 73, 27 S. E. Rep. 805; Stearns v. City of Richmond, 88 Va. 992, 14 S. E. Rep. 847.
Every landowner, however, is entitled to lateral support for his soil as against the adj oining soil, whether it is owned by the public or by private persons, and he may recover damages directly resulting from the removal of such support. Hence, when in the authorized execution of public works excavations are made, and the soil of a private individual gives way in consequence of being deprived of this lateral support, there is a taking to the extent of such deprivation, for which he is entitled to damages. Stearns v. City of Richmond, 88 Va. 992, 14 S. E. Rep. 847. But see Va. Const. of 1902, which protects against damaging as well as against taking.
West Virginia — City Liable for Damaging Property. —Where a city in changing the grade of streets, permanently in j ures private property, and thus infringes the explicit provision of the bill of rights, which provides that private property shall not be taken or damaged for public use without just compensation. an action lies for the injury, although no statute has ever been enacted for the enforcement of this constitutional provision, as this provision is self-executing. Johnson v. City of Parkersburg, 16 W. Va. 402.
And if the owner of a lot near a town builds a dwelling house on his lot and improves it otherwise, and afterwards the limits of the town are extended, and the town opens a new street or extends the old one, which does not pass through this lot but passes along one of the boundaries of the lot, and in grading and improving the street the town damages permanently this lot and dwelling without acquiring a right to do so from the owner and on demand paying him a just compensation therefor, the owner of the lot. by virtue of section 9 of the bill of rights of West Virginia, has a right to recover of this town in an action on the case the damages which he has thus sustained. Hutchinson v. City of Parkersburg, 25 W. Va. 226.
Same -Changing Grade of Street. — If a street be opened arid used upon the natural surface as a grade line, and it is recognized and treated by a city or town as a public street, and owners of lots upon it build with reference to such natural grade line, and it is changed, the city or town is liable to lot owners for damages consequential upon the change of grade, though no grade for the street was ever adopted by the municipality; and thoughsuch owner purchase after the municipality has established a paper grade line, but before actual physical grading conforming a street to that line, that will not preclude his recovery for damage to his lot; but he cannot recover for damage to buildings erected after the adoption of such paper grade line. Blair v. City of Charleston, 43 W. Va. 62, 26 S. E. Rep. 341. See monographic note on “Municipal Corporations” appended to Danville v. Pace, 25 Gratt. 1.
Same — Damages Done by Surface Water. — But the constitutional provision that private property shall neither be taken nor damaged for a public use without just compensation does not render a municipality liable to a lot owner whose property is damaged by a change in the grade of a street whereby surface waters are thrown upon it, if a private individual or corporation might have inflicted a like injury to a lot owner without being answerable to him therefor. In other words, this provision of the constitution was not designed to make municipal corporations liable to make compensation in damages where an individual would not have been liable for causing injuries or damages of the same character. Jordan v. Benwood. 42 W. Va. 312, 26 S. E. Rep. 266.
b. Imposition of Additionat, Servitudes.
Steam Railways — General Rule. — Where the owners of lots abutting on streets own the fee of the lands to the middle of the street, snbject to the right of the public to travel over it, the location of a railroad track on the street is an additional burden for which compensation must be made to the owner. *674 Hodges v. Seaboard, etc., R. Co., 88 Va. 653, 14 S. E. Rep. 380; Richmond Traction Co. v. Murphy, 98 Va. 104, 34 S. E. Rep. 983; Stewart v. Ohio River R. Co., 38 W. Va. 438, 18 S. E. Rep. 604; Spencer v. Pt. Pleasant, etc., R. Co., 23 W. Va. 406; Guinn v. Ohio River R. Co., 46 W. Va. 151, 33 S. E. Rep. 87.
But while a railroad company, building its road through streets of which -the fee is in the abutting owners, is liable to the owner for damage sustained, yet after paying the damage estimated they are not liable as for a nuisance. Spencer v. Pt. Pleasant, etc., R. Co., 23 W. Va. 406.
•Effect of Virginia Statute. — Ordinarily, as seen above, the fee of the abutting lot owner extends to the center of the street, subject to the easement, and the construction and operation of a steam railway over that part of the street upon which his lot fronts is an additional burden for which the law provides compensation, but sec. 1903 of the Virginia Code was not intended to give au abutting owner the right to have anything estimated as an impairment to the value of his lot by reason of the location of the road beyond the limits of his premises. Richmond Traction Co. v. Murphy, 98 Va. 104, 34 S. E. Rep. 982.
West Virginia Statutory Rule. — And in West Virginia, by statute (Code of 1887, ch. 54, sec. 50), a railroad company, with the assent of the municipal authorities, may construct and operate its railroad along a public street or city, in a cut or excavation below the common level of the remaining portion of the street, in such manner as will appropriate a portion of the street to the exclusive use of the railroad company, provided such excavation does not occupy the entire street, or such considerable portion thereof as would substantially prevent the use of the street by the general public, and provided, further, that it does not unnecessarily impair the usefulness of the street as a highway for the general public. Under this statute, the abutting lot owners, whether they own the fee in the ground covered by the street or not, will not be entitled to enjoin the railroad company from malting such excavation and constructing its road along the street in a careful and proper manner, unless, in doing so, the injury to the lot owner will be such as will entirely destroy the value of his property, aud therefore be equivalent to a virtual taking of it by the railroad company. Arbenz v. Wheeling, etc., R. Co., 33 W. Va. 1, 10 S. E. Rep. 14.
Construction by Assent of Municipality. — Where a county road has been included within the limits of an incorporated town and the municipal authorities have assumed control of the road, they may, under their general powers conferred by statute with reference to streets, alleys, etc., authorize a railroad company to use a portion of the roa'd for the purposes of constructing its railway along the same, in accordance with the statutes which provide for such construction. And the transfer of the use of a portion of the road to the company for the purposes of constructing its railroad thereon in a manner prescribed by statute is not a taking of the property without the consent of the owner of the fee, as is contemplated by art. 3, sec. 9 of the Constitution of West Virginia. Yates v. Town of West Grafton, 34 W. Va. 783, 12 S. E. Rep. 1075.
injuries to Access to .a Street. — Where the building of a steam railroad injures the access to a street and damages a lot abutting thereon, such damage is original and permanent, and the company building the road is liable, but a company subsequently leasing and appropriating the road is not liable therefor. Guinn v. Ohio River, etc., R. Co., 46 W. Va. 151, 33 S. E. Rep. 87.
And though a railroad company has authority from a city to build its road in the street, yet it is liable to au adjoining lot owner for damages flowing from its construction and operation. Guinn v. Ohio, etc., R. Co., 46 W. Va. 151, 33 S. E. Rep. 87.
Electric Street Railways Not Considered Additional Servitudes. — The occupation of a street by an electric street railway is not generally considered one of those burdens for which an abutting lot owner is entitled to compensation or damages. The original purposes for which the street was dedicated embrace the operation of such a railway, so that if an abutting owner suffers damage or inconvenience by reason of such occupation, it is damnum absaue injuria. This being so, it follows logically that the removal from the street of the tracks of such a company is not in contemplation of law a benefit — certainly not such a benefit as would compel the lot owner to pay therefor, by having the value offset against the just compensation due from a railroad company that had, under the law, no right to the location except upon the terms of condemning the same, and compensating for the damages resulting to the extent prescribed by law. Richmond Traction Co. v. Murphy, 98 Va. 104, 34 S. E. Rep. 982; Reid v. Norfolk Ry. Co., 94 Va. 117, 36 S. E. Rep. 428. See also, Watson v. Fairmont, etc., R. Co. (W. Va.), 39 S. E. Rep. 193. See post, “Compensation-Benefits.”
Nor is the conversion of a single track horse railway into a double track electric railway, an additional servitude on the street, for which the abutting owners are entitled to compensation. Reid v. Norfolk, etc., R. Co., 94 Va. 117, 26 S. E. Rep. 428.
Telegraph Lines upon Highways. — The erection of a telegraph line upon a highway, however, is an additional servitude for which compensation must be made to the owner of the fee, and the legislature has no power to authorize the imposition of such servitude, except on condition that due compensation shall be made therefor to the owner of the lands covered by such highway. Western Union Tel. Co. v. Williams, 86 Va. 696, 11 S. E. Rep. 106. c. Injury to Residue oe Tract.
By Depositing upon It Materials Used in Construction of Road. — Although a railroad company may have purchased from the owner a right of way over his land, for the purposes of constructing its roadbed, yet if, in constructing its roadbed, it deposits on other lands of such owner, without his consent, earth, stone, gravel, or other matter, and allows it to remain there, the company is liable to the owner for the injury thereby sustained. Compensation for such injury is not included in assessing damages for the right of way. Norfolk & W. R. Co. v. Carter, 91 Va. 587, 22 S. E. Rep. 517.-
By Blasting — But where a party has granted a right of way over his land to a railroad company, injury to a dwelling house upon the residue caused by the blasting of rock, where proper precautions have been taken, is not actionable. Watts v. Norfolk, etc., R. Co., 39 W. Va. 196, 19 S. E. Rep. 521, 45 Am. St. Rep. 894, 23 L. R. A. 674.
Injuries Resulting from Construction of Road. — A dam erected in a floatable stream to furnish power to operate a mill useful to the public, under authority duly had from a county court, is not a public nuisance, though without a sluice, and though it *675 obstructs the navigation; and a railroad company which, by an unlawful act in the construction of its road, inflicts injury upon the mill, cannot excuse itself for the wrong by the plea that the dam is a public nuisance. Watts v. Norfolk, etc., R. Co., 39 W. Va. 196, 19 S. E. Rep. 521, 45 Am. St. Rep. 894, 23 L. R. A. 674.
Increased Liability to Danger from Fire. — in ascertaining damages to a landowner, flowing to the residue of his tract, from the construction of a railroad, danger to buildings, fences, forests, and the like, from fire emanating from locomotives, may be considered as an element of damages, so far as such danger lessens the value of the residue of the tract; but such danger must be real, imminent, and reasonably to be apprehended, — not remote or merely possible. Kay v. Glade Creek, etc., R. Co. (W. Va.). 35 S. E. Rep. 973. See post, “Compensation.”
Injury Resulting after Assessment of Damages.— Although damages may have been regularly assessed and paid for land condemned for a dam abutment, and guard bank, and for the increased liability of overflow upon the residue of the land, the party condemning remains liable for any future injury resulting by reason of his failure to keep the guard bank in a reasonably safe and good condition. C. & O. R. Co. v. Chambers, 95 Va. 503, 28 S. E. Rep. 872.
d. granting Rival Franchises. — A grant of a privilege to a corporation is not exclusive, unless expressed tobe so by its charter; consequently the grant of a privilege to one company does not prevent the legislature from granting a like privilege to another, though the business of the former is injured or even ruined thereby. Tuckahoe Canal Co. v. Tuckahoe R. Co., 11 Leigh 42.
13ut where a party has the exclusive privilege of transportation across a river within half a mile of his ferry the unauthorized erection of the bridge within half a mile of the ferry is as much prohibited as the establishment of another ferry within the same distance as it is a damaging of property within the meaning of the constitution of West Virginia. Mason v. Harper’s Ferry Bridge Co., 17 W. Va. 396.
e. Extending City Limits. — To extend the boundaries of a city does not constitute a taking within the meaning of the constitutional provisions, although taxpayers of the added territory are subjected, by the act, to liability for the city debt and taxes, and the taxpayers of the county from which the addition to the city was taken lose the contributions of those withdrawn by the act. Wade v. City of Richmond, 18 Graft. 583.
VII. WHEN TITLE TO PROPERTY TAKEN PASSES.
Return of Writ of Ad Quod Damnum. — The lawful emanation, execution and return of a writ of ad quod, damnum to value land intended to be applied to public uses, immediately devests the title of the individual owner to the land so valued, and transfers it to the state, the owner remaining entitled only to the valuation money and damages assessed by the jury. Attorney General v. Turpin, 3 H. & M. 548.
Judgment of Court and Payment of Damages Vests Title in Virginia. — Cinder the present Virginia statute title to land condemned for public purposes remains in the owner until judgment of the court, in which the condemnation proceedings are appended, confirming the report of the commissioners as to the damages assessed, and payment of the money to the party entitled or into court. Va. Code, sec. 1083; Va.-Carolina R. Co. v. Booker, 99 Va. 633, 89 S. E. Rep. 591; Jones v. Miller, 2 Va. Dec. 232.
Under Special Statutory Provisions. — Where an act directed the public engineer to lay off a road and sites for bridges thereon, and declared that upon the return of the plots thereof to the clerks’ offices of the county courts in which the road located lay, the land should be vested in the commonwealth for the use of the road, it was held that on compliance with the law, the title to the land on which the road was located, was vested in the state. James River & Kanawha Co. v. Thompson, 3 Graft. 270.
As between Rival Railroad Companies. — As between rival railroad companies, priority of location give.s priority of title, which is perfected by after-condemnation. The title thus acquired is derived from the state by virtue of its right of eminent domain, and entirely supersedes and annuls the title of the landowner on payment of just compensation to him, and reinvests the same in the applicant therefor. Kanawha, etc., R. Co. v. Glen Jean, etc., R. Co., 45 W. Va. 119, 30 S. E. Rep. 86.
After Exercise of Right Condemning Party’s Title Becomes Adverse. — And where the right of eminent domain has been exercised in behalf of a railroad company, and the land has been condemned, damages assessed and paid, and the company placed in the possession of the Ian d, the title thereby acq uired, in so far as it is without reservation, becomes adverse to all other claimants of the property so condemned. And such proceedings cannot be collaterally attacked except for fraud. Kanawha, etc., R. Co. v. Glen Jean, etc., R. Co.. 45 W. Va. 119, 30 S. E. Rep. 86.
Where Doubt Exists as to Title of Property. — Where a corporation has had land condemned for its purposes, and doubt exists as to the title, it can acquire clear title only by paying the damages into court so that the parties in interest may be convened before a disposal thereof. Va. Code 1873, ch. 56, sec. 16; Robinson v. Crenshaw, 84 Va. 348, 5 S. E. Rep. 222.
VIH. COHPENSATION.
1. NECESSITY FOR COMPENSATION.
The Constitutional Provision and Its Construction.— The constitution expressly provides that private property shall not be taken for public use without just compensation, and it is therefore essential that compensation should be made. Every statute, however, should receive a reasonable construction, and such, if possible, as to avoid repugnancy to the constitution. Hence, an act authorizing a telegraph company to construct lines and fixtures along a county road, provided the ordinary use of the road is not obstructed, and not expressly declaring that this may be done without compensation, will not be considered as an attempt to deprive owners of such compensation as is guaranteed to them by the constitution of the state. Western Union Tel. Co. v. Williams, 86 Va. 696, 11 S. E. Rep. 106; Mason v. Harper’s Ferry Bridge Co., 17 W. Va. 396; Varner v. Martin. 21 W. Va. 534.
Under this provision of the constitution a statute which imposes upon a mill owner the burden of erecting locks through his dam and attending the locks to admit the passage of vessels, and upon default gives a corporation the right to abate the dam as a nuisance, and which does not provide for the compensation of the mill owner, is unconstitutional and void. Crenshaw v. Slate River Co., 6 Rand. 245.
*676 Statutes Giving Power to Take Property Do Not Give Power to Take without Compensation. — But where the legislature grants to a corporation or an individual the .power to erect certain public improvements, and it is necessary in order to affect these improvements that private property should be taken, the legislature will not be deemed to have intended that the property should be taken without just compensation therefor. Mason v. Harper’s Perry Bridge Co., 17 W. Va. 396; Western Union Tel. Co. v. Williams, 86 Va. 696, 11 S. E. Rep. 106; Varner v. Martin, 12 W. Va. 534.
2. MEASURE AND ELEMENTS OP COMPENSATION.
a. In Generad. — In determining the value of land appropriated for public purposes, the same considerations are to be regarded as in the sale of property between private parties. The inquiry in such cases must be what is the property worth in the .market, viewed not merely with reference to the uses to which it is at the time applied, but with reference to the use to which it is plainly adapted. Property is not to be deemed worthless because the owner allows it to go to waste, or to be regarded as valueless because he is unable to put it to any use. Its capability of being made available gives it a market value which can be readily estimated. So many and varied are the circumstances to be taken into account in determining the value of property condemned for public purposes, that it is impossible to formulate amule to govern its appraisement in all cases. Exceptional circumstances will modify the most carefully guarded rule ; but, generally, the compensation to the owner is to be estimated by reference to.the uses for which the property is suitable, having regard to the existing business or wants of the community, or such as may be reasonably expected in the immediate future. Richmond, etc., R. Co. v. Humphreys, 90 Va. 425, 18 S. E. Rep. 901.
b. Where Whole Tract is taken.
Compensation to. Be Estimated with Regard to Uses to Which Property May Be Put. — As a general rule the compensation to the owner for land taken for public purposes is to be estimated by reference to the uses for which the appropriated lands are suitable, -having regard to the existing business or wants of the community or such as may be reasonably expected in the near future. Railroad Co. v. Shepherd, 26 W. Va. 672.
Statutory Privilege Conferred on Landowner Cannot Be Considered. — An ordinance to which the landowner refused assent, allowing him to build across the drain to be cut through land proposed to be condemned for the purpose, cannot be considered in assessing damages. Roanoke City v. Berkowitz, 80 Va. 616.
Rental Value of Property May Be Considered. — In estimating the permanent damage, the jury may inquire into the value of the property, and, as a guide or assistance in so doing, it is not improper to hear evidence of its rental value or of an offer to purchase, which the plaintiff has refused. Pox v. Baltimore, etc., R. Co., 34 W. Va. 466, 12 S. E. Rep. 757.
The Fact That Similar Property Had Been Given Away’May Be Considered. — And upon a question as to the value of property taken in condemnation proceedings by a railroad company, and the privilege of using certain earth and stone work, it is not error to refuse to allow a witness to testify that he had donated similar property to the company. Richmond, etc., R. Co. v. Humphreys, 90 Va. 425, 18 S. E. Rep. 901.
c. Where Part oe Tract Is Taken.”
Damage of Which the Taking Is Proximate Cause.— In estimating the value of the residue of a tract, a part of which has been taken for public purposes, the commissioners or jury should consider only such damage, as is peculiar that particular tract, and not that which it suffers in common with all other tracts in the neighborhood. The damage to be estimated is that which directly or proximately results from the taking or use of the land for the purpose, for which it was taken, but should not include such damage as arises from the fact, that the use of the land taken for the purposes, for which it was taken, would injuriously affect any business carried on upon such tract of land by increasing competition or in any like manner. Such injury is not an injury to the land but to the business, which is or may be transacted upon the land. Railroad Co. v. Shepherd, 26 W. Va. 672.
Damage to Residue an Element of Compensation.— Where a part of a tract is taken a damage to the residue is an element of damage to be considered. B. & O. R. Co. v. Pittsburg, etc., R. Co., 17 W. Va. 812.
Measure of Damage. — If the property, for the purposes for which it is adapted, is worth as much immediately after as immediately before the doing of the act claimed to be an injury, no recovery can be had. If worthless, the difference between its former and its depreciated value is a measure of damages. Guinn v. Ohio River, etc., R. Co., 46 W. Va. 151, 33 S. E. Rep. 87; Stewart v. Railroad Co., 38 W. Va. 438, 18 S. E. Rep. 604; Rowe v. Pulp Co., 42 W. Va. 551, 26 S. E. Rep. 320; Board of Education v. Kanawha, etc., R. Co., 44 W. Va. 71, 29 S. E. Rep. 503; Blair v. City of Charleston, 43 W. Va. 62, 26 S. E. Rep. 341; Richmond, etc., R. Co. v. Humphreys, 90 Va. 425, 18 S. E. Rep. 901.
For example, if a part of a public schoolhouse lot is taken by a railroad company, the measure of damages is. the value of the land taken, together with the damages to the residue of the tract, less peculiar benefits thereto arising from the construction of the road. The damages to the residue, less peculiar benefits, is the difference between the value of the property for school purposes before the construction of the road and its market value after the construction, if its value for school purposes has been wholly destroyed; and, if not, then the difference between its value for school purposes before and after the damages suffered. Board of Ed. v. Kanawha, etc., R. Co., 44 W. Va. 71, 29 S. E. Rep. 503.
Increased Liability to Damage from Fire as an Element of Damage. — Where a part of a tract is taken for railroad purposes, danger from fire to buildings, fences, timber, or crops upon the remainder, in so far as it depreciates the value of the property, may properly be considered. It is immaterial that the railroad company is made absolutely liable for all losses by fire which originate upon the operation of the road, whether from negligence or otherwise. Such a liability would doubtless render the depreciation in value less than in cases where the company was liable only for fires resulting from negligence. It is to be borne in mind that compensation is not to be given for increased exposure to fire, nor for increased insurance rates, nor for probable losses by fire in the future for which no recovery can be had, but simply for depreciation in the value of the property by reason of increased liability to damage *677 by fire. Kay v. Glade Creek, etc., R. Co. (W. Va.), 35 S. E. Rep. 973.
Damage to Residue Cannot Be Considered Where Right of Way Is Given by Grant. — When one grants to a railroad company a strip of land for its use in the railroad, all damages to the residue of the tract arising from the construction which can be taken into consideration in the assessment of compensation under proceedings for condemnation are released, and neither he nor his subsequent alienees can recover therefor against the company. Watts v. Norfolk, etc., R. Co., 39 W.Va. 196, 19 S. E. Rep. 531, 45 Am. St. Rep. 894, 23 L. R. A. 674.
Construction of Statute Allowing Damages to Resi= due of Tract. — A statute which directs commissioners to ascertain the fair rental value of land to be taken, by implication authorizes them to consider the damages to a part not taken, and is not inconsistent with the United States constitution and the Virginia statute (Code 1883, ch. 56), which provides for damage to the residue in such cases. Tait v. Cent. Lunatic Asylum, 84 Va. 271, 4 S. E. Rep. 697.
Opinions as to Comparative Value before and after the Injury Are Admissible. — -Opinions of witnesses as to the value of property before and after an injury are admissible as evidence in a proceeding to ascertain the compensation to be paid the landowner. Kay v. Glade Creek, etc., R. Co. (W. Va.), 35 S. E. Rep. 973; Blair v. City of Charleston, 43 W. Va. 62, 26 S. E. Rep. 341, 35 L. R. A. 852; Railroad Co. v. Foreman, 24 W. Va. 662; Hargreaves v. Kimberly, 26 W. Va. 797; Ellis v. Harris, 32 Gratt. 684. See mono-graphic note on “Expert and Opinion Evidence.”
3.BENEFITS.
To What Extent Benefits May Be Considered. — From the damages to the residue of the tract, but not from the compensation for the land actually taken, may be deducted peculiar benefits to be derived in respect to such residue from the work. James River & K. Co. v. Turner, 9 Leigh 313; Muire v. Falconer, 10 Gratt. 18; Railroad Co. v. Tyree, 7 W. Va. 693; Mitchell v. Thorne, 21 Gratt. 164; Railroad Co. v. Foreman, 24 W. Va. 662; Watts v. Norfolk, etc., R. Co., 39 W. Va. 196, 19 S. E. Rep. 521.
What Benefits Are to Be Considered. — The benefits to be considered in reduction of damages in condemnation proceedings are confined to such as are direct and peculiar to the owner of the land, excluding those which he shares with other members of the community whose property is not taken. Mitchell v. Thorne, 21 Gratt. 164: Railroad Co. v. Foreman, 24 W. Va. 673; Bailey v. Com., 78 Va. 23; City of Norfolk v. Chamberlain, 89 Va. 243, 16 S. E. Rep. 730; Watts v. Norfolk, etc., R. Co., 39 W. Va. 200, 19 S. E. Rep. 522; James River & K. Co. v. Turner, 9 Leigh 313; Blair v. City of Charleston, 43 W. Va. 62, 26 S. E. Rep. 341.
In West Virginia, however, it has been held, that if property is enhanced in value by reason of a public improvement, as distinguished from the general benefits to the whole community at large, it is specially benefited, and it is to be assessed for the special benefits, notwithstanding every other piece of property upon or near the improvement may, to a greater or less extent, be likewise specially benefited. Blair v. City of Charleston, 43 W. Va. 62, 26 S. E. Rep. 341.
Benefits Common to AH Not Considered. — Where commissioners appointed by a circuit court, under the eleventh section of the forty-second chapter of the Code of West Virginia, to ascertain the value of the land proposed to be taken by a railroad company for the purposes of its road and damages to the residue of the tract, etc., ascertain the actual value of the land at the time when taken, without reference to any enhanced value given thereto and common to other landowners along the line of the road by reason of the prospective construction of the railroad company’s road through the land, such value, so ascertained, is a just compensation for the land, to the landdwner, Witbin the meaning of the constitution. Railroad Company v. Tyree, 7 W. Va. 693,
Removal of Electric Railway Not a Benefit. — The removal from the street of the tracks of an electric street railway is not a benefit which can be set off against the just compensation due from a railroad which has condemned the land occupied by such railway. Richmond Traction Co. v. Murphy, 98 Va. 104, 34 S. E. Rep. 982; Reid v. Norfolk Ry. Co., 94 Va. - 117, 26 S. E. Rep. 428. See ante, “The Appropriation of Property — Imposition of Additional Servitudes.”
Trespass by Railroad Company — Benefits Not Con= sidered. — And where a railroad company, without lawful proceedings, entered upon certain property and constructed expensive earth and stone work, and then became insolvent and sold its franchise and property to another company, it was held that the purchaser was liable to the landowner for the land taken, and for the damage to the residue of the tract without considering-the benefit arising by the construction of the road. Richmond, etc., R. Co. v. Humphreys, 90 Va. 425, 18 S. E. Rep. 901.
Proximity to Railroad as Benefit to a riiU. — In estimating the damage resulting to a mill from the construction of a railroad in the street in front of it, the increased wholesale trade consequent upon the increased facility of shipment by reason of its proximity to the railroad, may be set off against the loss of local retail trade, in fixing the value of the property. Guinn v. Ohio River, etc., R. Co., 46 W. Va. 151, 33 S. E. Rep. 87.
4. ALLOWANCE OF INTEREST. — As a general rule interest is not to be allowed on the valuation money or damages unless the claimant applied to the auditor for his warrant and it was refused; or having obtained it, was refused payment at the treasury. But where, by the consent of the original owner, part of the land taken for public use is directed, by law, to be revalued and restored to him, and the residue to be retained by the commonwealth, but through the default of the agents of the commonwealth such revaluation hasnot been made, a court of equity will direct it to be made, and decree the value so ascertained with interest, from the time when such revaluation ought to have taken place, to be paid by the state to such original owner. Attorney General v. Turpin, 3 H. & M. 548.
5. TIME OF PAYMENT.
When Right to Compensation Accrues. — Until the person entitled to acquire the property of another for a public use has so far progressed in condemnation proceedings as to take immediate possession thereof, no right to compensation for the land proposed to be taken, and for damages to the residue of the tract accrues to the owner, and his conveyance of the locus in quo, in the absence of any reservation, carries with it the right to compensation and damages when the report of the commissioner is confirmed and the money is paid. Va. Carolina Ry. Co. v. Booker, 99 Va. 633, 39 S. E. Rep. 591.
Compensation Need Not Be Hade before the Taking.— And it is unquestionably true, that the owner may be, and indeed must be, in all cases, deprived of his *678 property taken for a county road before he receives just compensation, as the law simply provides, that after the road has been established, the county shall be chargeable with the compensation. And it is well settled, that where property is taken by a state directly, or by a town or county under the state authority, it is not essential, in order not to violate this provision of the bill of rights, that the law should provide for the payment of compensation, before the property is taken and actually appropriated. Callison v. Hedrick, 15 Gratt. 244; Keystone Bridge Co. v. Summers, 13 W. Va. 501.
And though sec. 9 of art. 3 of the Constitution of West Virginia provides that compensatiori shall be paid to the owner of the property taken or damaged for a public use, and gives him an action at law therefor, yet the compensation is not required to be paid or secured before the injury is inflicted; and, having an adequate remedy at law for the injury, the property owner cannot have relief in a court of equity. Watson v. Fairmont, etc., Ry. Co. (W. Va.), 39 S. 33. Rep. 193.
Under West Virginia Road Acts. — Under the W. Va. statute (Acts of 1872-73, ch. 194) providing for establishing roads, if the damages or compensation are assessed under a writ of ad quod damnum, the county is chargeable with such compensation; but it is not to be paid until after the road is established and the land actually appropriated. Keystone Bridge Co. v. Summers, 13 W. Va. 476.
Within Twelve Honths after Confirmation of Commissioner’s Report. — At any time within twelve months after the report of the commissioner has been confirmed, and ordered to be recorded, the sum so ascertained, with legal interest thereon, from the date of the report until payment, may be paid by the applicant to the persons entitled thereto, or into court. Chesapeake, etc., R. Co. v. Bradford, 6 W. Va. 220. See post, “Proceedings to Take Property and Assess Damages — Report of Commissioners.”
Time of Allowing Credit for Payment. — The proper time for allowing a credit for the amount paid into court by the petitioner in a proceeding to condemn land, is when it is paid to the defendant, and not before its actual receipt by him. C. & O. R. Co. v. Patton, 9 W. Va. 648.
6. EFFECT OF PAYMENT. — All the authorities agree that the payment of damages assessed under the statutes applying to that subject, is .only a bar to an action for such injuries as could properly have been included in such assessment. The commissioners have the right and are bound to presume that the company will construct its works in a proper manner, and they have no right to award damages upon the supposition that the company will negligently and improperly perform its work. A failure to construct its works in a proper and skillful manner will, therefore, impose a liability for damages to any one who may sustain any loss or injury by reason of such negligence; it being well settled that such damages are not to be considered as included in the estimate of the commissioners. Atlantic & Danville R. R. Co. v. Peake, 87 Va. 130, 13 S. E. Rep. 348; Southside R. Co. v. Daniel, 20 Gratt. 344; Watts v. Norfolk, etc., R. Co., 39 W. Va. 196, 19 S. E. Rep. 521.
Where property is injured by a laying out of a railroad, the assessment and payment into court of the damages to the property do not preclude the lessee of the property from recovering for the injury he has sustained as lessee. Alexandria, etc., R. Co. v. Faunce, 31 Gratt. 761.
7. CONFLICTING CLAIMS TO DAMAGES ASSESSED.— After judgments had been docketed against a landowner, a railroad company condemned a right of way through the tract, and had damages duly assessed by commissioners, and their report confirmed, but the money was not paid into court. Certain grading having been done the railroad was abandoned. The land was then sold to satisfy the judgments, the bed of the road not having been reserved at the sale. Subsequently the railroad enterprise was revived, and the damages assessed as above, with interest thereon, were paid into court. In a co.ntest over this fund, between'the creditors and the purchasers at the sale, it was held that the latter were entitled to them. Jones v. Miller, 2 Va. Dec. 232. See, in this connection, Summers v. Kanawha, 26 W. Va. 159.
IX. PROCEEDINGS TO TAKE PROPERTY AND ASSESS DAflAGES.
1. GENERAL NATURE OF PROCEEDINGS.
No Greater Precision Required Than in Actions for Damages. — In the absence of any statutory provision on the subject, there is no propriety in holding the parties to the observance of any greater precision in the specifications of the injuries in the proceedings under review than would have been deemed sufficient in tbe proceedings of an action at law brought by the proprietor to recover damages. Nash v. Upper Appomattox Co., 5 Gratt. 332.
And where upon a fair and reasonable construction of the proceedings they are substantially responsive to the requirements of the statute this is sufficient. Charleston, etc., Bridge Co. v. Comstock, 36 W. Va. 263, 15 S. E. Rep. 69; Mairs v. Gallahue, 9 Gratt. 94; Railroad Co. v. Foreman, 24 W. Va. 662.
Nature of Issue. — The issue is in the nature of an inquisition on behalf of the court to determine the amount which should be awarded to the owner in consideration of the involuntary appropriation of his private property to the public use through the agency of au internal improvement company to" which has been directed by general law or otherwise, the right of eminent domain. The question of title is ordinarily not involved, and the jury should assess the value of .the fee where the property is taken, or the amount of damages thereto when the property is only damaged. Ohio River R. Co. v. Ward, 35 W. Va. 481, 14 S. E. Rep. 142.
Reason for Summary Proceedings. — One of the objects of the summary proceedings to condemn land by an internal improvement company is to enable it to acquire title to the land and proceed with its work at once, and have the parties to litigate their rights over the fund paid into court, without in any way affecting the title acquired in the manner required by tbe statute. Chesapeake, etc., R. Co. v. Washington, etc., R. Co., 99 Va. 715.
2. JURISDICTION.
Jurisdiction of County Courts — Statutes—West Virginia. — The 38th section of ch. 194, Acts of 1872-3, directing county courts in certain cases to award writs of ad quod damnum returnable to such county courts is repealed by the 38th section of ch. 14, Acts of 1881, which provides that the county court in such cases shall institute and prosecute in their names in the circuit court proceedings to ascertain the just compensation to be paid to the tenants and proprietors of lands taken for a public road. Herron v. Carson, 26 W. Va. 62.
*679 But the provisions in ch. 88 of the W. Va. Acts of 1872-3, in reference to the manner in which lands shall he condemned by railroad companies, is not repealed nor abrogated by ch. 114, of the Acts of 1875, and the amendatory act of 1879, ch. 8, and therefore the circuit court has no jurisdiction in a case where a railroad company seeks to condemn lands, the jurisdiction in such case being confined to the county court. Chesapeake, etc., R. Co. v. Hoard, 16 W. Va. 270; Railroad Co. v. Patton, 9 W. Va. 648.
County Courts — Virginia.—The general statute relating to corporations (Code 1873, ch. 56) confers no jurisdiction on a county court to take or appropriate land or other property of individuals or corporations for a railroad company. Its only jurisdiction in such a case is to appoint commissioners to ascertain and report what compensation and damages the owner of the property is entitled to receive, where he and the company cannot agree upon the question, and to determine what shall be a just compensation: uimn the payment of which, the statute vests the fee-simple title of the property in the company. A. & F. R. R. Co. v. A. &. W. R. R. Co., 75 Va. 780.
Removal from County to Circuit Court. — Under the statute (Code 1860, ch. 174. sec. 1) the case of a railroad company asking the county court to ascertain the compensation to a landowner for the land proposed to be taken for its purposes, which has remained in the court for more than one year without being determined, may be removed to the circuit court. And, in such a case, if the circuit court sets aside the report of the commissioners, it should not send the case back to the county court, but should take jurisdiction of the case, and proceed in it with the same powers that are vested in the county court by the statute. Va., etc., R. Co. v. Campbell, 22 Gratt. 437.
3.THE APPLICATION.
Certainty in Description of Land. — The application must describe the land sought to be condemned with reasonable certainty. Where the application of a railroad company to condemn land for the use of its road, described the land to be taken, as a strip of land sixty feet in width, being thirty feet wide on each side of the center line of its road, containing 3 and 99-100 acres, beginning at the point. where the centerline of said railroad as located, crosses the boundary line of the landowner, and thence through his land situated on a certain creek, in a certain county, giving the courses and distance of the lines, the general direction of the curves, and the radius of each curve, it was held that the land proposed to be taken was described with “reasonable certainty” as required by sec. 5 of ch. 18 of W. Va. Acts of 1881. Ohio River R. Co. v. Harness, 24 W. Va. 511.
Allegation That Property Is Wanted for a Public Use. — An application to condemn land for public use must distinctly state that the land is needed for public use, and will, when condemned, be devoted to such public use. Pork Ridge Baptist Cemetery Ass’n v. Redd, 33 W. Va. 262, 10 S. R. Rep. 405.
Hisstatement of Estate of Parties in Application— Dismissal. — Where there is a misstatement in the application of the estate of parties in the reversion of the land, and the application is acted upon by the commissioners, but before the report of the commissioners is formally filed the applicant asks leave of the court to discontinue the proceedings because of this mistake, the court should dismiss the proceedings at the costs of the applicant. Chesapeake, etc.. R. Co. v. Bradford, 6 W. Va. 220.
4. NOTICR.
Necessity of Notice. — Before a court can enter judgment upon an application made to appropriate land to a public use, the owner of the land must have notice of such application; but at whatever stage of the proceedings the owner of the land is notified to appear, after such notice he has the right to contest the appropriation of his land to the use of the petitioner. B. & O. R. Co. v. Pittsburg, etc., R. Co., 17 W. Va. 812.
Notice in Case of Infant Owners. — A statute requiring that the owner of each parcel of land proposed to be taken shall be served with notice does not require service on an infant owner in person, but the court may order such service if, at any time during the proceedings, it is suggested that there are infant owners within the county who have attained the age of discretion, and who ought to be personally notified. The guardian of an infant owner must be notified, however, and may appear and make all proper defences on behalf of his ward; and if he does not so appear and defend, the court should appoint a guardian ad litem. Charleston, etc.. Bridge Co. v. Comstock, 36 W. Va. 268, 15 S. E. Rep. 69.
Time of Service of Notice. — No time being mentioned in the statute, the notice may be served any time before the return day, in which case the owner must show the insufficiency of the service. Muire v. Falconer, 10 Gratt. 12.
In What Matters Notice Is Unnecessary. — Under the statute all matters affecting the validity of the report and the action of the commissioners are open for investigation without notice. Wash,, etc., R. Co. v. Switzer, 26 Gratt. 661; B. & O. R. Co. v. P. W. & Ky. R. Co., 17 W. Va. 847.
When Constructive Notice Sufficient. — Where actual service cannot be had on defendant, constructive service, if authorized by statute, is regarded as due process of law. B. & O. R. Co. v. Pittsburg, etc., R. Co., 17 W. Va. 812.
Validity of Law Dispensing with Notice. — The provision of the road law making it unnecessary to cause notice of condemnation proceedings to be given parties having liens on the land to betaken, or to any claimants of such land, other than the tenant in possession, does not violate the constitutional provision that private property shall not be taken or damaged for public use without just compensation, nor does it deprive any person of property without due process of law. Keystone Bridge Co. v. Summers, 13 W. Va. 476.
Objection for Want of Notice. — Where all of the parties interested in the establishment of a road are either notified to appear or waive notice, no objection for want of notice can be made. Tench v. Abshire, 90 Va. 768, 19 S. R. Rep. 779.
5. TRIBUNAL TO ASSRSS DAMAGES.
Commissioners Hast Possess Qualifications Required by Statute — Freeholders—Waiver of Objection. — Where the mode of procedure prescribed by law, for the condemnation of land provides that the commissioners appointed to make the condemnation and assess the value of the property, shall be freeholders, and the defendant is present at the time the commissioners are appointed, and participates in the procedure of appointment, it is his duty to see that all the commissioners are freeholders. And if he is cognizant at the time the appointment is made, that one of the commissioners is not a free *680 holder he must enter an objection, and if he fails to do so this amounts to a' waiver. Supervisors v. Stout, 9 W. Va. 703.
Constitutional Provision as to Jury — West Virginia. —The constitution of West Virginia provides that “when required by either of the parties, such compensation shall be ascertained by an impartial jury of twelve freeholders,” therefore, when an issue is awarded, if either party to the cause require it, the order awarding the said issue shall provide, that it shall be tried by an impartial jury of twelve freeholders. Mason v. Harper’s Ferry Bridge Co., 17 W. Va. 396. Under this provision the order impaneling the jury should in some way show that the jurors are freeholders, either expressly or by necessary implication. Charleston, etc., Bridge Co. v. Comstock, 36 W. Va. 263, 15 S. E. Rep. 69. See also, Ohio River R. Co. v. Ward, 35 W. Va. 481, 14 S. E. Rep. 142.
Record Need Not Show That Jury Are Freeholders.— But the record need not show in terms that a jury formed under sec. 17, ch. 42, of the Code of West Virginia, in a proceeding to take land or material therefrom for public use, are freeholders ; for where the record shows that the jurors were “drawn, elected, tried and sworn in the manner required by law” it will be presumed that they were freeholders. Ohio River R. Co. v. Blake, 38 W. Va. 718, 18 S. E. Rep. 957.
Competency of Juror. — In condemnation proceedings a juror is not rendered incompetent because he is a citizen of the county in which the land is and liable to the county levies, though the county may be interested in the suit. B. & O. R. Co. v. Pittsburg, etc., R. Co., 17 W. Va. 812.
Objection Because Juror Not a Freeholder — Time of Making. — it is too late after verdict to object to a juror for want of freehold qualifications where the objection is based on affidavit or other matters dehors the record. Ohio River R. Co. v. Blake, 38 W. Va. 718, 18 S. E. Rep. 957.
And an affidavit made after the rendition of the verdict that a portion of the jury were not freeholders, is not a ground for setting aside the verdict. C. & O. R. Co. v. Patton, 9 W. Va. 648.
Presumption on Appeal as to Qualification of Jurors. —When an appeal is taken in a case by a party seeking to exercise the right of eminent domain, it will be presumed by the appellate court that all the jurors who assessed the value of the land and the damages to the residue, were freeholders, though it be not so stated expressly in the record. C. & O. R. Co. v. Patton, 9 W. Va. 648.
What Does Not Amount to a Waiver of Jury.— Though in a case where a railroad company seeking to condemn land for its track, the defendant, with a view to certain preliminary steps proposed to be taken by him, waives for the time a right to have his damages assessed by him, yet when the preliminary matters are disposed of by the court’s refusal to entertain them, he may have ‘ his damages assessed by a jury. R. Co. v. Foreman, 24 W. Va. 662.
And though a railroad company has instituted proceedings, under the West Virginia Code, to condemn land, and has taken possession of the land, under the provisions of the 20th section of chapter 42 of the Code, yet the landowner, or the railroad company, has a right to require that the compensation to be paid, shall be ascertained by an impartial jury of twelve freeholders. C. & O. R. Co. v. Patton, 9 W. Va. 648.
Irregular Oath of Juror Does Not Invalidate Verdict. —Although the oath taken by the jury is not in the exact form in which it should be administered, yet, if it be apparent that the jury had before them the proper matters for their consideration and that the landowner could have suffered no damage because of the informality, the verdict is valid. R. Co. v. Foreman, 24 W. Va. 662.
Instructions to Jury — When the jury have been properly permitted to view the premises in dispute, it is not improper to refuse a request which requires the court to instruct the jury that “ they are not to take into consideration anything or any impression they saw at the view of the premises, in determining the rights of the parties to this suit.” Fox v. Baltimore, etc., R. Co., 34 W. Va. 466, 12 S. E. Rep. 757.
6. CONDUCT OF TRIAL.
Duty of Commissioners to Hear Evidence. — When commissioners are appointed by a county or corporation court, under sec. 6, ch. 56 of the Code of 1860, for the purpose of ascertaining what will be a just compensation to the tenant of the freehold for land taken for a work of internal improvement, it is the duty of such commissioners to hear all the legal and relevant testimony offered by either party bearing upon the question of such compensation. Wash., etc., R. Co. v. Switzer, 26 Gratt. 661.
Separate Trials for Owners of Separate Parcels.— Each owner of each parcel has a right to a separate trial and finding, though all may be embraced in one application. Charleston, etc., Bridge Co. v. Comstock, 36 W. Va. 263, 15 S. E. Rep. 69.
In Case of Conflicting Claims. — Where there are two or more conflicting claims to the same parcel, and more than one of the claimants demand a trial by jury, such trial must be at one and the same time before the jury. And such claimants must be made parties to.the proceedings ; but their claims should not be litigated until after the condemnation proceeding is ended. Charleston, etc., Bridge Co. v. Comstock, 36 W. Va. 263, 15 S. E. Rep. 69.
Right to Open and Close. — As the party seeking the appropriation of the land has the affirmative of the issue upon the right to take it, such party is entitled to open and conclude the argument. B. & O. R. Co. v. Pittsburg, etc., R. Co., 17 W. Va. 812.
And where the damages accruing to the landowner have been assessed and an appeal is taken by him to the circuit court because of the insufficiency of the damages allowed by the jury, the judgment of the county court being prima facie right, it is the right and duty of the defendant to open the case. Mitchell v. Thorne, 21 Gratt. 164.
Continuances. — if the tenant may be surprised by the offer of testimony on matters not referred to in the rule, it is competent for the court to continue the hearing to a ‘future day or term. Wash., etc., R. Co. v. Switzer, 26 Gratt. 661.
7. VIEW.
Who May Be Appointed Viewers — Return of Viewers* Report. — A county court may appoint all of the individuals composing the court a committee to view and report upon a county road proposed to be established. And though it would be more formal for such committee to return their report in writing, signed by each of the members of the committee, yet if on the return of the report of the committee it is not thus reduced to writing and signed by each member, but in lieu thereof the whole of their report containing all the details required by the statute is set out at length on the order book of the county court in the form of a recital in an order of *681 the court made on such, report, this will suffice, and the court may proceed to establish the road, just as it would have done, had such more formal report, signed by all of the members of the committee, been returned to the court. Herron v. Carson, 26 W Va. 62.
interest of Viewers — The fact that the viewers supposed that they, with other members of the community. would be benefited by the landing, 'does not show any such direct interest in the controversy as will invalidate their report. Every individual who uses a public road, landing or other improvement, may, in some sense, be said to be benefited by it ; but such conjectural benefit does not constitute an interest in the controversy which would disqualify a juror, and much less the court. Muire v. Falconer. 10 Gratt. 12.
Weight Attached to Viewers’ Report. — Where the statute makes it the duty of the jury or commissioners to view the premises in condemnation proceedings, the law lays great stress upon the matter of the view, and justly attaches great weight to the report of the commissioners to assess damages. In addition to other evidence they have the evidence oJ their own senses, and it should be a very clear case of inadequate compensation to justify an interference by the court with the finding of the commissioners. Cranford Paying Co. v. Baum, 97 Va. 501, 24 S. E. Rep. 906; Chesapeake, etc., R. Co. v. Pack, 6 W. Va. 897.
What Report of Viewers Need Not State. — The viewers* report in proceedings to establish a road need not state the width and the grade of the road especially where a diagram is returned with the report. Tench v. Abshire, 90 Va. 768, 19 S. E. Rep. 779.
Right to View by Jury. — The parties have the right to have the premises viewed by the jury as well as by the commissioners, in order that they may ascertain the facts before rendering their verdict. Charleston, etc., Bridge Co. v. Comstock, 36 W. Va. 263, 15 S. E. Rep. 69.
Viewers Need Not Be Sworn. — Under the Code 1873, ch. 52, § 6. the viewers appointed to view the proposed alteration in the road and to make their report to the court are not required to be sworn ; and although the order appointing them directs that they be sworn it need not be done. Mitchell v. Thorne, 21 Gratt. 161.
8. FINDING OF JURY."=Seej50S¿, “ Report of Commission ers.’ *
inquisition Prima Facie Correct. — In the absence of evidence showing that the damages assessed are insufficient, the inquest taken upon the ground must be deemed conclusive on the question. Muire v. Falconer, 10 Gratt. 12.
What Inquisition Should State. — The inquisition, however, should state specifically and separately the value of the land condemned, and the quantity and quality of the estate, and should also state the damages estimated on each separate source of damage, so that the inquisition will ascertain the damages which have been estimated, and thus protect the party condemning from any future demands for these damages. C. & O. Canal Co. v. Hoye, 2 Gratt. 511.
And an inquisition taken under the 15th section of the Va. Act incorporating the Chesapeake and Ohio Canal Company should state specifically and separately the value of the land condemned in perpetuity, and the quantity and quality of the estate in the land condemned for temporary purposes; and should also state separately the damages estimated on each separate source of damage ; so that the inquisition will ascertain the damages which have been estimated, and will protect the company from any future demand for these damages. Chesapeake, etc., Canal Co. v. Hoye, 2 Gratt. 514.
But it is not necessary, either in the writ or inquest, that the land injured should have been set out by metes and bounds ; and the finding in the inquest, that the proprietors have been injured by the overflowing of the waters of the river, produced by the erection of the dam, and that the damages assessed, arose from that cause, is sufficient. Nash v. Upper Appomattox Co., 5 Gratt. 332.
Date to Inquisition Not Essential. — A date to the inquisition, upon a writ of ad quod damnum is not essential, if it be stated under the hands and seals of the jurors that in obedience to the annexed writ, they viewed the lands in question. Dawson v. Moons, 4 Munf. 538.
Inquest on Defective Writ of Ad Quod Damnum.— Upon an application for the change of a road the writ of ad quod damnum is defective for not directing an inquiry as to the damages to the residue of the tract beyond the peculiar benefits which will be derived in respect to such residue from the road. An inquest taken on such writ is defective, and both writ and inquest will be quashed on motion made at the proper time, but the defendant by failing to make the motion in the county court waives this objection. Mitchell v. Thorne, 21 Gratt. 164.
Grounds of Quashal of Inquisition. — The court may quash an inquisition, for error appearing on its face, or made to appear by proot at the hearing. C. & O. Canal Co. v. Hoye, 2 Gratt. 511.
Jury May Find That Part of Land Only Should Be Taken. — A jury or court, may find that a portion of the land sought to be condemned may be taken, and the residue may not. B. & O. R. Co. v. Pittsburg, etc., R. Co., 17 W. Va. 812.
When Verdict Should Be Set Aside. — A verdictfind-ing an amount of compensation in a proceeding by a railroad company to condemn land that is .so high that it must be attributed to prejudice, passion, bias, partiality, or mistake of law or judgment, will be set aside. Norfolk, etc.,R. Co. v. Nighbert, 46 W. Va. 202, 32 S. 33. Rep. 1032 ; Guinn v. Ohio River, etc., R. Co., 46 W. Va. 151. 33 S. E. Rep. 87.
Certainty of Verdict — What Is Sufficient Certainty.— A verdict of a jury ascertaining that a certain sum will be a sufficient compensation for “’so mnch of the real estate of the owner, mentioned and described in the within application as is proposed to be taken,” describes the land with sufficient certainty. Ohio River R. Co. v. Harness, 24 W. Va. 611.
Modes of Objecting to Inquest. —The regular mode of objecting to the inquest of the jury on account of the small amount of damages assessed is by a motion to quash the inquest, on which motion evidence may be heard to prove that the damage assessed is sufficient. This objection may, however, be made on the hearing, and evidence may then be introduced by either party to show that the damages assessed are either adequate or inadequate. And upon appeal by the defendant, to the circuit court, he is entitled to introduce evidence upon the same point. Mitchell v. Thorne, 21 Gratt. 164.
9. REPORT OF COMMISSIONERS.
Report Must Show Public Character of Use. — Where land is sought to be taken for a use which is claimed to be a public use, the report of the commissioners and the evidence produced before them must show *682 that the use is public. Salt Co. v. Brown, 7 W. Va. 191. See ante, “Finding of Jury.”
The Report If Regular Is Prima Facie Correct. — The report of the commissioners, if no illegality or irregularity appears on its face, isvrimafacie evidence of the propriety and correctness of the award, and under the plain mandate, as well as the spirit of the statute, the report must be affirmed and carried into effect by the judgment of the court, unless, in the words of the statute, “good cause be shown against it.” Crawford v. Valley R. Co., 25 Gratt. 467; Richmond Traction Co. v. Murphy, 98 Va. 104, 34 S. E. Rep. 982.
And where a report of commissioners appointed to ascertain the damages for land taken by a railroad company shows no error or defect upon its face and is not excepted to in the court below, it cannot be-objected to in the appellate court, because upon the whole record of the suit it appears that it is possible or even probable that the commissioners may have included improper items in their ascertainment of the damages reported by them. Steenrod v. Railroad Co., 27 W. Va. 1.
Conclusive as to Damages until Proven Incorrect.— A report of commissioners to assess damages to the landowner is taken as conclusive on the question of damages until it is shown to the satisfaction of the court to be incorrect. Cranford Paving Co. v. Baum, 97 Va. 501,24 S. E. Rep. 906; Mitchell v. Thorne, 21 Gratt. 165; Supervisors v. Stout, 9 W. Va. 703.
Court Should Confirm Report unless Cause Is Shown against It. — Except under special circumstances, when the report has been returned, if no good cause, relative to the action of the commissioners be shown against it, and it be not erroneous or defective on its face, the court should confirm it. Roí-as the commissioners are composed of disinterested freeholders, carefully selected, with an opportunity to each of the parties to reject such as may be objectionable; and such commissioners not only hear the evidence, but view the land, while the court does neither; it would require very strong evidence of inadequacy or excess in the appraised value of the land and damages, to influence the court, for this cause alone, to set aside the report. C. & O. R. Co. v. Pack, 6 W. Va. 397.
Who May Object to Confirmation of Report. — When the report is returned to the court either party may show cause against its confirmation, upon the grounds of excessive or inadequate compensation, improper conduct of the commissioners in refusing or failing to hear legal and proper evidence, or by proof of any other fact tending to show that the report ought not to be confirmed. Wash., etc., R. Co. v. Switzer, 26 Gratt. 661.
But where the board of supervisors of a county have certain land condemned for the purpose of building a courthouse, clerk’s office and jail thereon, no objection being made by the owners of the land, other persons have no right to object to the confirmation of the report, and in such case the circuit court of the county has no jurisdiction on the application of these persons to award a writ of error and supersedeas to the judgment of the county court refusing to admit them as parties. Board of Supervisors v. Gorrell, 20 Gratt. 484.
What Objections May Be Made — Refusing to Hear Legal Evidence. — Where, on the motion of the company, a rule is made on the tenant of the freehold to show cause why the report and assessment of the commissioners, should not be set aside, upon the ground that the assessment is excessive, and why other commissioners should not make the assessment, upon the hearing, the company will not be confined to the specific objection therein suggested to the confirmation of the report, but the company may impeach it by showing that the commissioners had improperly refused or failed to hear legal testimony offered by the company upon the question of compensation and damage. Wash., etc , R. Co. v. Switzer, 26 Gratt. 661.
Interest of Commissioner as Ground for Quashing Report. — a report of commissioners tc? condemn and for municipal purposes will not be quashed on the ground that a commissioner appointed at the instance of the municipality was interested, where the record does not show that the municipality was ignorant that he was interested when so appointed; and ignorance of the attorney making the motion for the appointment is not evidence of the municipality’s ignorance. But if the commissioner was interested and disqualified, and the municipality was ignorant, the report will not be quashed if the record shows that the damages assessed are not excessive. Roanoke City v. Berkowitz, 80 Va. 616.
Report Should Compensate Landowner in Money.— The report of the commissioners, made under the provisions of the statute (ch. 42, W. Va. Code) should not be confirmed where the compensation to which the party is entitled is not exclusively given in money, where the party himself objects to the report on this ground. C. & O. R. Co. v. Patton, 6 W. Va. 147; Railroad Co. v. Halstead, 7 W. Va. 301.
Conditional Assessment by Commissioners Erroneous. — The company has no right to construct their road in any other manner than that provided for in the report of the commissioners; and the commissioners have no authority to assess a present amount to be paid for the property and an additional amount to be paid by the company should they subsequently construct their road without the proper culverts. And the company is liable to the actions of the parties injured by a deviation from the mode of construction which governed the unconditional assessment of damages, for the injury resulting from such deviation. Winchester, etc., R. Co. v. Washington, 1 Rob. 67.
Where, in proceedings to condemn lands for railroad purposes, the commissioners assessed the damages and designated a named sum as having been allowed for fencing on either side of the roadbed, upon exceptions to the report, it was held that the company had not the option of fencing the roadbed or suffering the penalty; and the assessment of damages, allowing for the costs of fencing, was proper and binding. Norfolk, etc., R. Co. v. Stephens, 85 Va. 302, 7 S. E. Rep. 251.
Right of Condemning Party Where Report Is Excepted to. — Where there are exceptions to the report, the party seeking to condemn the land may pay the money into court, and may thereupon enter into and construct its works upon and through that part of the land described in the commissioners’ report. But this gives the party condemning no title to the land until there is a final judgment of the court fixing the amount of compensation, and the payment of the same to the party or parties entitled, or into court. Va. Code, §§ 1081, 1083; Robinson v. Crenshaw, 84 Va. 348, 5 S. E. Rep. 222; Va.-Carolina Ry. Co. v. Booker, 99 Va. 633, 39 S. E. Rep. 591.
Effect of Assessment by Commissioners. — Where the commissioners assess, the damages for injury done to land by a railroad company, and the report of the commissioners is confirmed, this does not preclude *683 the landowner from maintaining- an action against the company for ini nry done to the land since the purchase, which couldnothe ioreseen and estimated hy the commissioners. Southside R. Co. v. Daniel, 20 Gratt. 344; Atlantic, etc., R. Co. v. Peake, 87 Va. 136, 12 S. E. Rep. 348; Norfolk, etc., R. Co. v. Carter, 91 Va. 594, 22 S. E. Rep. 517; Watts y. Norfolk, etc., R. Co., 39 W. Va. 201, 19 S. E. Rep. 523.
10. JUDGMENT.
Judgment for Damages —When Erroneous. — in a proceeding hy a corporation to take land under its power of eminent domain, it is error for the court, upon confirming the report of the commissioners and ordering the same to he recorded, to render judgment against the applicant for the amount ot damages ascertained hy the report. Chesapeake, etc., R. Co. v. Bradford, 6 W. Va. 220.
Particularity of Judgment or Order. — Where the order establishing a road provides that the applicant shall erect and maintain gates at every point at which the road crosses the landowner’s fence, such order is not defective for want of particularity. Tench v. Ahshire. 90 Va. 768, 19 S. E. Rep. 779.
Finality of Judgments. — When a statute in condemnation proceedings does not declare that the judgment shall he final, the judgment of the inferior court must stand as all other judgments, and the aggrieved party is entitled to the benefit of the general law regulating writs of error and supersedeas. B. & O. R. Co. v. Pittsburg, etc., R. Co., 17 W. Va. 812.
Collateral Attack.- In a collateral attack upon a condemnation proceeding before a county court it is not necessary to the validity of its judgment that it should appear on the face of the proceedings how the defendant was notified, rt is sufficient that it appears thatthe defendant was duly notified. Chesapeake, etc., R. Co. v. Washington, etc., R. Co., 99 Va. 715.
And wh ere a j udgment is rendered for the city in proceedings to condemn a street, the landowner cannot, in a prosecution for obstructing the street, defend on the ground that the proceeding was illegal. Poster v. City of Manchester, 89 Va. 92, 15 S. E. Rep. 497.
11. APPEALS.
Judgment Appointing Commissioners Not Appealable. —A judgment appointing commissioners to fix a just compensation for land proposed to be taken in condemnation proceedings is not such a final judgment as will admit of an appeal. Ludlow v. City of Norfolk, 87 Va. 319, 12 S. E. Rep. 612; Postal Tel. Cable Co. v. Norfolk, etc., R. Co., 87 Va. 349, 12 S. E. Rep. 613; Richmond, etc., R. Co. v. Johnson, 99 Va. 282, 38 S. E. Rep. 195.
And where a report of the commissioners is returned to court, and its return entered of record, and the sum fixed as compensation is paid into court, and the landowner moves to set aside the order appointing commissioners and the motion is overruled, upon which an appeal is taken, the appeal is not properly taken because the court not having acted upon the report, there is no final judgment. Pack v. C. & O. R. Co.. 5 W. Va. 118.
Interlocutory Order Not Appealable. — The proceedings under the statute for fixing the compensation to landowners, for taking land for the use of internal improvement companies, is not a chancery but a law proceeding, and an appeal can be taken from an interlocutory order therein. Pack v. C. & O. R. Co., 5 W. Va. 118.
And where, upon the application of a turnpike company, a county court appoints freeholders to assess the damages to a tract of land which will result from opening a turnpike road through it, and upon a report being made by the freeholders, it is affirmed by the county court and entered of record, an appeal to the circuit court is not demand-able of right from such order of the county court. Hill v. Salem Turnpike Co., 1 Rob. 263.
Appeal in Canal Case — Special Charter. — An appeal lies from the judgment of the county court, pronounced upon an inquisition taken and returned to the court under the 15th section of the act incorporating the Chesapeake and Ohio Canal Company. Chesapeake, etc., Canal Co. v. Hoye, 2 Gratt. 511.
Amount in Controversy Sufficient to Give Jurisdiction on Appeal. — Where the amount allowed for compensation for land taken is less than $500, the court of appeals has no jurisdiction to review the judgment of the trial court. Rich., etc., R. Co. v. Knopffs, 86 Va. 981, 11 S. E. Rep. 881.
Presumption on Appeal. — On an appeal from a judgment of a circuit court affirming the judgment of a county court confirming the report of viewers in proceedings to open a road, awarding one dollar for taking one-half of an acre of land, the evidence not being certified, the valuation will be presumed to be correct. Tench v. Abshire, 90 Va. 768, 19 S. E. Rep. 779.
Objections in Appellate Court. — Although in condemnation proceedings there is an appeal as of right, and viva voee testimony is heard in the circuit court on such appeal, yet, as a general rule, a party must make any objections he may have to the proceedings in the court of original jurisdiction, and if he permits such proceedings to progress to the final trial of the case without making the objections he will be held to have waived them and will not be allowed to object for the first time in the appellate court. Mitchell v. Thorne. 21 Gratt. 161.
And upon an application to establish a public landing, if no motion has been made in the county court to quash the report of the viewers, it is too late to object to it in the appellate court. Muire v. Falconer, 10 Gratt. 12; Mitchell v. Thorne. 21 Gratt. 173; Bohn v. Sheppard, 4 Munf. 403; Lewis v. Washington, 5 Gratt 265; Coliman v. Griffin, 17 W. Va. 178, See monographic note on “Appeals.”
X. REMEDIES OF LANDOWNER.
1. ACTION AT LAW.
No Remedy Given by Statute — Common Law Gives Remedy. — When the constitution forbids the taking or damaging of private property and points out no remed3, and no statute gives the remedy for the invasion of the right of property thus secured, the common law, which gives the remedy for every wrong, will furnish the appropriate action for such grievances. Johnson v. City of Parkersburg, 16 W. Va. 403.
Trespass on the Case. — lu an action brought to recover damages as compensation for permanent injuries to real estate by the construction of a railroad upon a street adjacent to such property, it is proper for the owner to bring an action of trespass on the case, and he may count for permanent damages, and recover the same according to the evidence, although, when the injury occurred, he was not in the actual occupancy, of the land, but was only in constructive possession through his tenant under a lease. And in such action, he may recover damages necessarily resulting under the ordinary and proper use by the company of its track in such street, and may give evidence developing the char *684 acter of its use and the manner in which it affects the use of its property. Fox v. Baltimore, etc., R. Co., 34 W. Va. 460, 12 S. E. Rep. 757.
Ejectment. — But ejectment will not lie against a railroad company for land upon which, after a report in its favor hy commissioners duly appointed, and payment into court of the damage assessed, it has entered for construction of its road, notwithstanding the proceedings were still pending, since it has the right of possession under Virginia Code, § 1081, authorizing it, under such circumstances, to enter for such purpose. Rudd v. Farmville & P. R. Co., 2 Va. Dec. 346. See, on this subject, monographic note on “Ejectment” appended to Tapscott v. Cobbs, 11 Gratt. 172.
2. INJUNCTION.
When Injunction Lies in General. — where the property is actually talren without any compensation being paid in advance, a court of equity will enjoin the party taking it, from using it until compensation be made. But if the property be damaged only an action at law is the only remedy given the landowner. Spencer v. Pt. Pleasant, etc., R. Co., 23 W. Va. 406; Mason v. Harper’s Ferry Bridge Co., 17 W. Va. 396.
This distinction between mere damage to property and an actual appropriation or taking of the same is to be observed and insisted upon in all cases where an injunction is prayed by the owner. Ohio River R. Co. v. Ward, 35 W. Va. 481, 14 S. E. Rep. 142; Mason v. Harper’s Ferry Bridge Co., 17 W. Va. 396; Spencer v. R. Co., 23 W. Va. 407; Arbenz v. R. Co., 33 W. Va. 1, 10 S. E. Rep. 14.
Thus, having an adequate remedy at law for such damages as may result to his property from the act complained of, the plaintiff is precluded, upon the ordinary principles of equity jurisprudence from coming into a court of equity for such relief, and to complain of an alleged wrong or injury to the public generally committed by said company. In this view of the case, it is a matter of no consequence to him whether the company is acting in excess of the powers conferred by its charter, for it would be estopped from setting up as a defence in his action against it for the damages the illegality of the act in question. Watson v. Fairmont, etc., Ry. Co. (W. Va.), 39 S. E. Rep. 193.
Where Compensation Is Not Paid as Required by Statute. — Whether or not there is a statute forbidding the invasion of the owner’s dwelling house or the space of sixty feet about it, an injunction will lie to prevent an invasion and occupation of this space by a railroad company where compensation has not been paid beforehand, as provided for by statute. Hodges v. Seaboard, etc., R. Co., 88 Va. 653, 14 S. E. Rep. 380.
Injunction Will Not Lie against Street Railway before Damage Is Ascertained. — But an abutting lot owner cannot restrain the construction of a street railway in the street upon which his property fronts until the damage to his property resulting from such use of the street is ascertained and paid or secured, unless the injury to his property is so great as to destroy its value and therefore amount to a virtual taking of the property for the use of the railway company. Watson v. Fairmont, etc., Ry. Co. (W. Va.), 39 S. E. Rep. 193; Mason v. Bridge Co., 17 W. Va. 396.
Under peculiar circumstances, however, as where the property injured is entirely destroyed in value as effectually as if it had been actually taken by the railroad company in constructing its road, and the property is thereby virtually taken, the owner of the property may enjoin the company from proceeding with the building of its road until the damages are ascertained and paid or secured. Mason v. Bridge Co., 17 W. Va. 396; Watson v. Fairmont, etc., R. Co. (W. Va.), 39 S. E. Rep. 193.
Acts Done under Authority Cannot Be Enjoined unless They Amount to a Taking. — Where a railroad company is authorized to construct its road along the county road the owner of the adjoining land cannot enjoin the company from constructing its railroad along the road in the manner required by the statute, unless the injury therefrom will entirely destroy the value of their property, and thereby be equivalent to a taking of it by the company. Yates v. Town of West Grafton, 34 W. Va. 783, 12 S. E. Rep. 1075.
Construction of Pavement before Condemnation. — A court of equity will grant an injunction, however, to prevent a town from constructing pavements on a person’s land, where he had not dedicated the ground to public use, or where the ground had not been condemned according to law, for that purpose. Pierpoint v. Town of Harrisville, 9 W. Va. 215; Boughner v. Town of Clarksburg, 15 W. Va. 394; Mason City, etc., Co. v. Town of Mason, 23 W. Va. 811.
Agairist Opening Streets and Alleys. — An injunction will also lie to restrain a town from opening streets and alleys through a person's land against his consent, without first having the same lawfully taken and condemned and compensation to such person ascertained in the manner prescribed by law. Mason City, etc., Co. v. Town of Mason, 23 W. Va. 211.
Laying Railroad Tracks — Hust Appear That Company Is Transcending Its Authority. — Conceding that the plaintiffs can establish that they are entitled to compensation; that the injury they complain of is such that it cannot be adequately compensated in damages, and that it is therefore proper for a court of equity to grant the relief to which they may appear to be entitled; yet it is not proper for the court, pending the enquiry into their right to compensation, and before its assessment by law, to interfere by injunction, or otherwise, to stay the proceedings of the defendant railroad company, in laying or using the tracks on the land in respect to which the injury is alleged to be done or threatened, unless it be manifest that said company is transcending its authority, and that the interposition of the court is necessary to preventinjury that cannot be adequately compensated in damages. Code 1873, ch. 56, § 13; Supervisors v. Gorrell, 20 Gratt. 514; N. & W. R. R. Co. v. Smoot, 81 Va. 495.
And when a railroad company, by consent of a town council, is building its road through the streets of a town, and the owner of an adjoining lot seeks an injunction, till a court of equity ascertain the damages he will sustain, giving as a reason for such injunction that the court of common law will furnish no adequate remedy, as the plaintiff would have to bring repeated suits to recover for the damages he might sustain, as he would recover in any one suit only the damages which he might have sustained prior to the institution of such suit, and on its termination would have to bring a like suit for. his damages subsequently sustained, and so on for an indefinite period, this reason furnishes no ground for the interposition of a court of equity, as all damages of a permanent character may be recovered in such case in the first suit at law, and there is not only no necessity for such repeated suits at law, but after such first suit, in which the entire *685 damages are recoyered, no second suit could Re ‘brough t, except to recover damages which did not necessarily result from the building and proper use by the railroad company of its track in such street. A second suit could only be brought for the careless running of cars in such street or for other wrongs done by the railroad company, not including the injury necessarily resulting from the running of its cars in such street, which is the right of the company. Smith v. Pt. Pleasant, etc., R. R. Co., 23 W. Va. 451; Spencer v. Pt. Pleasant, etc., R. Co., 23 W. Va. 406; Campbell v. Pt. Pleasant, etc, R. Co., 23 W. Va. 448.
Indemnity in Lieu of Injunction. — The court may. in a proper case, permit a railway company to give a bond of indemnity, instead of enjoining it from taking, land for its right of way before paying the compensation. Campbell y. Point Pleasant, etc., R. Co., 23 W. Va. 448. See monographic note on “Injunctions” appended to Claytor v. Anthony, 15 Gratt. 518.